T.C. Summary Opinion 2002-43


UNITED STATES TAX COURT


JOHN H. WEBSTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7243-01S.                Filed April 24, 2002.


John H. Webster, pro se.

<u>Davis G. Yee</u>, for respondent.


WOLFE, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined the following deficiency in and additions to petitioner's 1997 Federal income tax:

| | Additions to Tax | | |
|---|---|---|---|
| Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| $9,296 | $1,998.22 | $1,598.58 | $475.95 |

After a concession by respondent,[1] the issues for decision are: (1) Whether petitioner's wages, nonemployee compensation, prizes and awards, interest, and distribution from an individual retirement account (IRA) received during 1997 constitute gross income; (2) whether petitioner is liable for an addition to tax for failing to file a 1997 Federal income tax return; and (3) whether petitioner is liable for an addition to tax for failing to pay estimated income tax.

Some of the facts have been stipulated and are so found. Petitioner resided in Santa Clara, California, at the time the amended petition was filed with the Court.

Petitioner has a bachelor of science degree in electrical engineering from the University of Washington and a master of science degree in computer science from the University of Santa Clara. Petitioner has been employed for many years as a computer programmer.

---

[1]Respondent concedes that petitioner is not liable for an addition to tax under sec. 6651(a)(2).

In 1990 petitioner pleaded no contest to two felony charges of attempted child pandering and was sentenced to 1 year in jail with credit for time served and suspension of the balance of the sentence and probation. Since his conviction, petitioner has encountered difficulties securing a job meeting his financial expectations.

Petitioner did not file a Federal income tax return for 1997. During 1997 petitioner received wages of $1,680, nonemployee compensation of $10,201, prizes and awards of $33,720, interest of $62, and a distribution of $1,000 from an IRA. These amounts total $46,663 as determined by respondent in the notice of deficiency.

Petitioner contends: (1) No provision of law makes him liable for Federal income tax; and (2) he is not liable for Federal income tax for 1997 because the Federal Government allegedly owes him compensation for violating his rights in connection with certain felony charges in 1990.

The facts in this case have been established by written and oral stipulation, and there are no material facts in dispute. Since only legal issues remain, the burden of proof with respect to the deficiency is irrelevant. Nis Family Trust v. Commissioner, 115 T.C. 523, 538 (2000).

Petitioner's first argument, that no provision of law makes him liable for Federal income tax, is frivolous. Section 61(a)

defines gross income as all income from whatever source derived, with exceptions not relevant here. Compensation for services, income derived from business, interest, prizes and awards, and distributions from individual retirement plans are all specifically included in gross income. See secs. 61(a)(1), (2), (4), 74(a), 408(d).

Petitioner states his second argument as follows:

The bottom line is that when an agency of the US Government intentionally violates my rights and then proceeds to cover up that fact; and other agencies (such as the FBI) refuse to investigate my allegations, then the US Government has forfeited any right to levy taxes against me that it might have had. In other words, the Government has failed to live up to its part of this Social Contract when its agencies violated my rights.

In short, petitioner argues that he is entitled to offset his unrelated claims against the Federal Government against his Federal income tax obligations.

We have rejected similar setoff arguments in the past. We have concluded that we lacked jurisdiction over the taxpayers' unrelated claims against the Federal Government. E.g., Watts v. Commissioner, T.C. Memo. 1995-196; Akins v. Commissioner, T.C. Memo. 1993-256, affd. without published opinion 35 F.3d 577 (11th Cir. 1994); Randall v. Commissioner, T.C. Memo. 1993-207, affd. without published opinion 29 F.3d 621 (2d Cir. 1994). Petitioner's 1990 felony conviction and the actions taken by governmental authorities in connection with that conviction have

no bearing on his 1997 tax liability.  This Court is a court of limited statutory jurisdiction and lacks general equitable powers.  Commissioner v. McCoy, 484 U.S. 3, 7 (1987). Accordingly, we do not have jurisdiction over petitioner's claims against the Federal Government arising from his 1990 felony conviction.  Therefore, we sustain respondent's determination of the deficiency.

Respondent determined that petitioner is liable for an addition to tax pursuant to section 6651(a)(1) and an addition to tax pursuant to section 6654(a).  Respondent bears the burden of production with respect to both additions to tax.  Sec. 7491(c).[2] To meet his burden of production, respondent must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty.  The burden of proof remains with petitioner.  See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

Section 6651(a)(1) imposes an addition to tax for failure to file a Federal income tax return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect.  United States v. Boyle, 469 U.S. 241, 245 (1985).  A

_____

[2]The Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001, 112 Stat. 685, 726, added sec. 7491(c), which places the burden of production on the Secretary with respect to a taxpayer's liability for penalties and additions to tax in court proceedings arising in connection with examinations commencing after July 22, 1998.  Sec. 7491(c) applies because the examination in this case commenced in 1999.

failure to file is due to reasonable cause if the taxpayer exercised ordinary business care and prudence and, nevertheless, was unable to file the return within the prescribed time. Crocker v. Commissioner, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect means a conscious, intentional failure to file or reckless indifference to the obligation to file. United States v. Boyle, supra.

Petitioner has stipulated that he did not file a Federal income tax return for the year in issue. Thus respondent has satisfied his burden of production with respect to the addition to tax for failure to file a timely return. Higbee v. Commissioner, supra; Burr v. Commissioner, T.C. Memo. 2002-69. Petitioner has failed to show that his failure to file was due to reasonable cause and not due to willful neglect. Accordingly, we sustain respondent's determination on this issue.

Section 6654 imposes an addition to tax in the case of any underpayment of estimated tax by an individual.[3] The addition to tax under section 6654(a) is mandatory in the absence of statutory exceptions. Sec. 6654(a), (e); Recklitis v. Commissioner, 91 T.C. 874, 913 (1988); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). With limited exceptions that are inapplicable here, section 6654 "has no provision

_____

[3]We have jurisdiction over the sec. 6654(a) addition to tax in this case because an income tax return was not filed for the year at issue. See sec. 6665(b)(2); Meyer v. Commissioner, 97 T.C. 555, 562 (1991); Heisey v. Commissioner, T.C. Memo. 2002-41.

relating to reasonable cause and lack of willful neglect. It is mandatory and extenuating circumstances are irrelevant." Estate of Ruben v. Commissioner, 33 T.C. 1071, 1072 (1960). Petitioner does not argue, nor do we find, that any statutory exception under section 6654 applies in this case. Accordingly, we sustain respondent's determination on this issue.

The Tax Court is authorized under section 6673(a)(1) to require a taxpayer to pay to the United States a penalty not in excess of $25,000 when it appears to the Court that the taxpayer's position in the proceeding is frivolous or groundless. Petitioner's position, based on stale and meritless contentions, is manifestly frivolous and groundless, and his action has resulted in the waste of limited judicial and administrative resources. At trial we warned petitioner of these penalty provisions, and he promptly brought his arguments to an end. Under these circumstances we shall not impose a penalty under section 6673(a)(1) at this time, but we caution petitioner that the imposition of the penalty is likely if he returns to this Court with similar arguments in the future.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect respondent's concession,

Decision will be entered under Rule 155.