T.C. Memo. 2003-248

UNITED STATES TAX COURT

DANIEL E. SPURLOCK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9906-01.                    Filed August 18, 2003.

Daniel E. Spurlock, pro se.

<u>Edward L. Walter</u>, for respondent.

MEMORANDUM OPINION

THORNTON, <u>Judge</u>:  Respondent determined the following
deficiencies in petitioner's Federal income tax and additions to
tax:[1]

_____

[1] All section references are to the applicable versions of
the Internal Revenue Code; all Rule references are to the Tax
Court Rules of Practice and Procedure.

| Tax Year | Deficiency | Additions to Tax | | |
|---|---|---|---|---|
| | | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 1994 | $9,759 | $1,123.25 | -- | $202.78 |
| 1995 | 15,074 | 2,313.25 | -- | 466.64 |
| 1996 | 16,418 | 2,474.33 | To be determined | 553.26 |
| 1997 | 19,555 | 3,108.83 | To be determined | 705.14 |
| 1998 | 10,778 | 1,149.75 | To be determined | 204.99 |

By amended answer, respondent asserted increased deficiencies attributable to nonemployee compensation that petitioner allegedly received from The Louisville Chorus, Inc. (Louisville Chorus), in amounts of $24,000 and $22,400 in 1995 and 1996, respectively, and associated additions to tax pursuant to sections 6651(a)(1) and 6654.

The issues for decision are: (1) Whether petitioner is liable for deficiencies as determined in the notice of deficiency, (2) whether petitioner is liable for increases in deficiencies as alleged in respondent's amended answer, (3) whether petitioner is liable for additions to tax under sections 6651(a)(1) and 6654(a) for each year at issue,[2] and (4) whether we should grant respondent's motion to impose sanctions pursuant to section 6673(a).

## Background

The parties have stipulated some facts, which we incorporate herein by this reference. When he petitioned this Court, petitioner resided in Louisville, Kentucky.

---

[2] Respondent concedes the determinations under sec. 6651(a)(2).

Petitioner is a professional musician.  During the years at issue, he was employed as a double bassist with the Louisville Orchestra and served as music director of the Louisville Chorus and of the Beargrass Christian Church.  In 1994, 1997, and 1998, petitioner also performed services for Commonwealth Musicians, a musical booking agency.  As of December 31, 1998, petitioner had not reached age 59 and one-half.

For each year at issue, petitioner filed no Federal income tax return and made no estimated tax payments.  Respondent commenced his examination after July 22, 1998.  In the notice of deficiency, respondent determined that petitioner had unreported taxable income in the following amounts:

| Year | Beargrass Christian Church (Employee) | Louisville Orchestra (Employee) | (Self-Employed) | Commonwealth Musicians (Self-Employed) |
|------|------|------|------|------|
| 1994 | $16,417 | $32,878 | -- | -- |
| 1995 | 17,067 | 33,167 | $3,500 | -- |
| 1996 | 19,416 | 29,744 | 17,000 | -- |
| 1997 | 21,771 | 31,013 | 4,000 | $1,738 |
| 1998 | 22,817 | 1,758 | -- | -- |

In addition, respondent determined in the notice of deficiency that petitioner received premature individual retirement account (IRA) distributions of $9,122 and $16,576 in 1995 and 1997, respectively, that were includable in petitioner's taxable income and that were also subject to a 10-percent additional tax pursuant to section 72(t).

## Discussion

A.   Evidentiary Matters

Petitioner objects to the admission into evidence of various third-party payment reports that respondent relied upon in making the deficiency determinations.  Petitioner contends that the various Forms 1099-MISC, Miscellaneous Income (Forms 1099), and Forms W-2, Wage & Tax Statement, in question are not "bona fide" information reports because they were not "verified by a declaration that [they were] signed under penalties of perjury." We have previously rejected this argument in similar circumstances and see no need to repeat our analysis here.  See Spurlock v. Commissioner, T.C. Memo. 2003-124; see also Tinsman v. Commissioner, T.C. Memo. 2000-55, affd. 12 Fed. Appx. 431 (8th Cir. 2001).[3]

Petitioner also argues that the third-party information reports were improperly admitted into evidence because they lack adequate foundations and are hearsay.  Ample testimony by qualified witnesses established that the third-party information reports satisfy the substantive requirements of Fed. R. Evid. 803(6) and 901.  See Spurlock v. Commissioner, supra.

---

[3] For reasons similar to those described in Spurlock v. Commissioner, T.C. Memo. 2003-124, we also reject petitioner's argument that we should exclude, on the basis of respondent's alleged noncompliance with the Court's standing pretrial order, certain testimony and documentary evidence that respondent introduced.

B.  Respondent's Deficiency Determinations

If, in a court proceeding, a taxpayer introduces credible evidence with respect to a relevant factual issue, the Commissioner has the burden of proof with respect to that issue, provided the taxpayer meets certain requirements.  Sec. 7491(a)(1) and (2)(B); see Rule 142(a)(2).[4]  In the instant proceeding, petitioner introduced no evidence--much less credible evidence--to support his case.  Accordingly, for this reason if for no other, section 7491 does not shift to respondent the burden of proof with respect to the deficiency determinations contained in the notice of deficiency.

Absent the application of section 7491, respondent's determinations in the notice of deficiency are generally presumed correct.  Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933); Traficant v. Commissioner, 884 F.2d 258, 263 (6th Cir. 1989), affg. 89 T.C. 501 (1987).  As a general rule, we do not look behind the notice of deficiency to determine or examine the evidence the Commissioner used.  Pasternak v. Commissioner, 990 F.2d 893, 898 (6th Cir. 1993), affg. Donahue v. Commissioner,

---

[4] References to sec. 7491 are to that section as added to the Internal Revenue Code by the Internal Revenue Service Restructuring & Reform Act of 1998 (RRA), Pub. L. 105-206, sec. 3001, 112 Stat. 726-727.  Sec. 7491 is effective with respect to court proceedings arising in connection with examinations commencing after July 22, 1998.  RRA sec. 3001(c), 112 Stat. 727.

T.C. Memo. 1991-181; <u>Greenberg's Express, Inc. v. Commissioner</u>, 62 T.C. 324, 327 (1974).

To overcome the presumption of correctness, the taxpayer must produce "'competent and relevant evidence from which it could be found that he did not receive the income alleged in the deficiency notice.'"  <u>Sharwell v. Commissioner</u>, 419 F.2d 1057, 1060 (6th Cir. 1969) (quoting <u>Foster v. Commissioner</u>, 391 F.2d 727, 735 (4th Cir. 1968), affg. in part and revg. in part T.C. Memo. 1965-246); see also <u>Helvering v. Taylor</u>, 293 U.S. 507, 515 (1935) ("Unquestionably the burden of proof is on the taxpayer to show that the Commissioner's determination is invalid."); <u>Traficant v. Commissioner</u>, <u>supra</u> at 263 ("the taxpayer bears the burden of production <u>and</u> the burden of proof as to an error in the notice [of deficiency]"); <u>Estate of DeNiro v. Commissioner</u>, 795 F.2d 582, 584 (6th Cir. 1986) (stating that the burden of going forward may shift to the Commissioner once the taxpayer presents "'relevant credible evidence'" that the Commissioner's determinations are incorrect (quoting <u>Demkowicz v. Commissioner</u>, 551 F.2d 929, 931 (3d Cir. 1977))), revg. and remanding T.C. Memo. 1985-128.

In certain limited circumstances, if the taxpayer proves by a preponderance of the evidence that the Commissioner's deficiency determination is arbitrary and excessive, then the presumption of correctness no longer applies.  See, e.g., <u>United</u>

States v. Walton, 909 F.2d 915, 918 (6th Cir. 1990).  The

taxpayer bears "the initial burden of producing credible evidence

that [he] did not earn the taxable income * * * or of presenting

an argument that the IRS deficiency calculations were not

grounded on a minimal evidentiary foundation."  Id. at 919.[5]

At trial and on brief, petitioner has not argued that he did

not receive compensation for his services during the years at

issue or did not receive early IRA distributions in 1995 and

1997.  Construing petitioner's argument to be that respondent's

determination lacked a minimal evidentiary foundation and was

therefore arbitrary, we conclude that petitioner has not met his

initial "burden of production on the issue of arbitrariness."

Id. at 922.

Petitioner testified only as respondent's witness.  His

testimony did not credibly support his case:  while feigning

improbable memory lapses as to other income sources, petitioner

---

[5] United States v. Walton, 909 F.2d 915 (6th Cir. 1990),
involved the Commissioner's net-worth reconstruction of the
taxpayer's alleged unreported income.  The court held that
although the Government had failed to offer any evidentiary
foundation for a disputed element of the net-worth computation,
the taxpayer had nevertheless failed to meet his initial "burden
of production on the issue of arbitrariness."  Id. at 922.
Noting that the taxpayer had failed to elicit evidence as to how
the Commissioner had arrived at the disputed item or to bring
other relevant evidence to the trial court's attention, the court
concluded that the taxpayer's "vague denial * * * [of the
disputed item] was certainly not sufficient to meet [his] burden
of production on the issue of arbitrariness."  Id.

conceded that during the years at issue he was employed as a double bassist with the Louisville Orchestra.[6]

Petitioner offered <u>no</u> evidence--much less "competent and relevant evidence", <u>Sharwell v. Commissioner</u>, <u>supra</u> at 1060--and set forth no specific facts to suggest that respondent's determinations were "utterly without foundation", <u>United States v. Janis</u>, 428 U.S. 433, 443 (1976), or to otherwise contradict respondent's determinations of his unreported income for the years at issue. In this case, as in <u>United States v. Walton</u>, <u>supra</u> at 922, petitioner's "vague denial" of receiving the income (assuming, for sake of argument, that his claims even rise to that level) "was certainly not sufficient to meet [his] burden of production on the issue of arbitrariness."

In any event, respondent offered third-party payment reports and supporting testimony establishing a reasonable basis for his determinations in the notice of deficiency that petitioner received compensation from the Louisville Orchestra and other

---

[6] Petitioner claimed bizarrely that he was "not sure" whether he was employed as music director at Beargrass Christian Church during the 5 years at issue, even though he conceded that he currently serves at that church in that capacity.

sources in amounts at least as great as determined in the notice of deficiency.[7]

Because petitioner has not established error in the deficiency determinations contained in the notice of deficiency, we sustain these determinations.

C.    Asserted Increases in Deficiencies

By amended answer, respondent asserted increases in petitioner's deficiencies attributable to unreported nonemployee compensation of $24,000 and $22,400 for 1995 and 1996, respectively, that petitioner allegedly received from the Louisville Chorus.  Respondent bears the burden of proof with respect to these asserted increases in deficiencies.  Rule 142(a).

---

[7] On brief, petitioner cites Portillo v. Commissioner, 932 F.2d 1128 (5th Cir. 1991), affg. in part, revg. in part and remanding T.C. Memo. 1990-68, in support of his contention that respondent acted improperly in relying upon third-party payment reports.  We construe petitioner's argument to be that respondent was required to make an independent investigation of the third-party payment reports before relying upon them.  Such an argument is without merit.  Petitioner never filed a Form 1040, U.S. Individual Income Tax Return, or any other document in which he swore that he did not receive the reported income, nor has petitioner otherwise raised any reasonable dispute about the third-party payment reports.  Accordingly, respondent had no duty to investigate the third-party payment reports.  See Parker v. Commissioner, 117 F.3d 785, 787 (5th Cir. 1997), affg. an order of this Court; Andrews v. Commissioner, T.C. Memo. 1998-316.  For similar reasons, plus the additional reason that petitioner has not fully cooperated with respondent in providing relevant information, the provisions of sec. 6201(d) are inapplicable. See Spurlock v. Commissioner, T.C. Memo. 2003-124.

At trial, respondent offered into evidence Forms 1099-MISC, issued to petitioner by the Louisville Chorus indicating that petitioner received nonemployee compensation of $24,000 and $22,400 in 1995 and 1996, respectively.  The executive director of the Louisville Chorus testified that petitioner served as music director of the Louisville Chorus from 1994 through 1998 and confirmed that petitioner was paid the amounts listed on the Forms 1099-MISC.  At trial, petitioner conceded that he served as the music director of the Louisville Chorus from 1994 through 1998 but testified implausibly that he was "not sure" if he was paid for his services.

Because respondent has met his burden of proof, we sustain the increases in deficiencies asserted in the amended answer.

D.  Additions to Tax

Petitioner contends, and respondent does not dispute, that pursuant to section 7491(c) respondent has the burden of production with respect to the sections 6651(a)(1) and 6654 additions to tax as determined in the notice of deficiency. Petitioner also contends that respondent has the burden of proof with respect to the increased sections 6651(a)(1) and 6654 additions to tax for 1995 and 1996 as asserted in respondent's amended answer.

As reflected in the discussion below, for the most part our analysis of the asserted additions to tax is based on the

- 11 -

preponderance of evidence in the record.  We find that respondent has carried his burden of production and burden of proof, insofar as either is placed upon him.

1.  <u>Failure To File Timely Tax Returns</u>

Section 6651(a)(1) imposes an addition to tax for failing to file a required return on or before the specified filing date unless the failure "is due to reasonable cause and not due to willful neglect".  Sec. 6651(a)(1).  The amount of the addition to tax is a percentage of the amount of tax required to be shown on the return.  <u>Id.</u>

Petitioner has stipulated that he filed no income tax return for any year at issue.  In his petition, however, petitioner assigns error to respondent's determination of a section 6651(a)(1) addition to tax in the notice of deficiency and alleges, as the basis for this assignment of error, that he "did not have gross income in an amount sufficient to require him to file a return of income tax for the taxable years" at issue. Similarly, in his reply to respondent's amended answer, petitioner assigns error to respondent's asserted increased section 6651(a)(1) addition to tax, alleging that he was "not required to file a return of federal income tax".

We have previously concluded that, for each year at issue, petitioner had gross income; the amounts were sufficiently large that petitioner was required to file a tax return each year.  See

sec. 6012(a).  Petitioner has alleged, and the record suggests, no reasonable cause for his failure to do so.  To the contrary, petitioner's conduct in this proceeding and his chronic failures to file tax returns convince us that these failures were intentional and not due to reasonable cause.  Accordingly, we conclude and hold that petitioner is liable for section 6651(a)(1) additions to tax as determined in the notice of deficiency and as asserted in respondent's amended answer.[8]

2.    Failure To Pay Estimated Tax

Section 6654 imposes an addition to tax for underpaying estimated tax.  Sec. 6654(a).  The section 6654 addition to tax is mandatory unless the taxpayer comes within one of the limited statutory exceptions.  See Recklitis v. Commissioner, 91 T.C. 874, 913 (1988).

Respondent alleges that petitioner failed to make required estimated tax payments with respect to nonemployee compensation that he received during the years at issue.  Petitioner has not specifically denied this allegation; at trial he merely stated that "My recollection and records [make] it very difficult * * *

---

[8] In his reply to respondent's amended answer, petitioner alleges without elaboration that respondent miscalculated the amount of the sec. 6651(a)(1) addition to tax.  Petitioner did not raise this issue at trial or on brief; therefore, we deem petitioner to have conceded it.  See Burbage v. Commissioner, 82 T.C. 546, 547 n.2 (1984), affd. 744 F.2d 644 (4th Cir. 1985); Wolf v. Commissioner, T.C. Memo. 1992-432, affd. 13 F.3d 189 (6th Cir. 1993).

to say" whether he made estimated tax payments.  In his petition,
petitioner alleges that he was not required to pay estimated
taxes for any year at issue.  Given that petitioner has shown no
propensity to pay taxes he is required to pay, we believe it a
fair inference that petitioner would not have paid estimated
taxes that he did not believe he was required to pay.
Accordingly, on this record, we conclude that for the years at
issue petitioner made no estimated tax payments with respect to
his nonemployee compensation.

Petitioner does not qualify for any of the exceptions listed
in section 6654(e).[9]  Accordingly, we sustain respondent's
assertion of section 6654 additions to tax as set forth in the

---

[9] On brief, petitioner suggests, with little elaboration and
without reference to any supporting facts in the record, that he
might qualify for the exceptions under sec. 6554(e)(1), involving
situations where the tax amount is small (generally $500 ($1,000
for tax years beginning after Dec. 31, 1997), after taking into
account the sec. 31 credit for taxes withheld on wages), and sec.
6654(e)(2), involving situations where there is no tax liability
for the preceding year.  We disagree.  We have held that
petitioner is liable for deficiencies for each year at issue;
these deficiencies, net of withholding on petitioner's wages as
evidenced in the record, exceed the relevant sec. 6654(e)(1)
thresholds.  Accordingly, petitioner does not qualify for the
sec. 6654(e)(1) exception.  Similarly, our holding with respect
to the deficiencies means that at least for each year after 1994,
petitioner had a tax liability for the preceding year, so as to
render the sec. 6654(e)(2) exception inapplicable.  With respect
to the 1994 sec. 6654 addition to tax, under petitioner's own
theory respondent has no more than the burden of production.  The
burden remains upon petitioner to establish the applicability of
any exceptions.  See Higbee v. Commissioner, 116 T.C. 438, 446
(2001).  Petitioner has failed to do so.

notice of deficiency and as alleged in respondent's amended answer.

E.    Section 6673(a)(1) Sanctions

Respondent filed a written motion requesting that we impose sanctions on petitioner pursuant to section 6673(a)(1).  Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless.

Petitioner has been uncooperative in preparing this case for trial.  He has been disingenuous and evasive in his testimony, feigning memory lapses when questioned about his employment history.  The positions he has advanced are groundless or frivolous.  It appears that he has instituted and maintained these proceedings primarily for purposes of delay.  Although petitioner was warned repeatedly both before and during trial that his antics could result in the imposition of sanctions under section 6673, he has been undeterred.  Petitioner has unreasonably protracted these proceedings and wasted the resources of respondent and this Court.  Pursuant to section 6673, we require petitioner to pay to the United States a penalty of $5,000.

All other arguments raised by petitioner and not expressly discussed herein are without merit or unnecessary to reach.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.