T.C. Summary Opinion 2004-79


UNITED STATES TAX COURT


MARY ANNE O'LOUGHLIN, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1112-03S.          Filed June 10, 2004.


Mary Anne O'Loughlin, pro se.

Jeffrey A. Johnson, for respondent.


POWELL, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal income tax and additions to tax as follows:

| | | Additions to Tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 1996 | $9,445 | $1,187.55 | $1,319.50 | $259 |

After concessions,[2] the issues are (1) whether petitioner is liable for the addition to tax under section 6651(a)(1) for failure to file a Federal income tax return, (2) whether petitioner is liable for the addition to tax under section 6654(a) for an underpayment of estimated tax, and (3) whether this Court has jurisdiction to determine petitioner's alleged overpayment of taxes in 1993, 1994, and 1995. Petitioner resided in New York, New York, at the time the petition was filed.

## Background

The facts may be summarized as follows. In 1995, petitioner was in a car accident and, as a result, suffered physical injuries. She, however, continued to work and to perform other responsibilities. Petitioner filed a return for the 1993 taxable

---

[2] Respondent concedes the addition to tax under sec. 6651(a)(2) for failure to pay Federal income tax. Petitioner concedes the $9,445 deficiency. The Court notes that the amount of the deficiency is determined without regard to any payment of estimated tax or credit for tax withheld. Sec. 6211(b)(1). The tax due by petitioner, after a reduction of $4,167 for tax payments in 1996 ($3,500 of estimated tax payments and withholding taxes of $667), is $5,278. In the notice of deficiency, the additions to tax under secs. 6651(a)(1) and 6654(a) were correctly computed to reflect the $4,167 payment of tax. See sec. 6651(b)(1).

year at some undetermined time in 1998, but did not file returns for the 1994, 1995, and 1996 taxable years. Respondent granted petitioner an extension of time to file her 1996 return, but petitioner did not file a return for that year. Based on reported third-party information, respondent prepared a substitute return and issued a notice of deficiency for the 1996 taxable year.

## Discussion

1. Addition to Tax Under Section 6651(a)(1) for Failure To File

If a Federal income tax return is not timely filed, an addition to tax will be assessed "unless it is shown that such failure is due to reasonable cause and not due to willful neglect". Sec. 6651(a)(1).[3] A delay is due to reasonable cause if "the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time". Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; see also United States v. Boyle, 469 U.S. 241, 243 (1985).

Petitioner claims that the injuries she suffered from the car accident in 1995 constitute reasonable cause for her failure to file a return in 1996. Impairment due to injury may constitute reasonable cause for late filing if the taxpayer shows that he or she could not file a timely return. See Williams v.

---

[3] The burden of showing reasonable cause under sec. 6651(a) remains on petitioner. Higbee v. Commissioner, 116 T.C. 438, 446-448 (2001).

<u>Commissioner</u>, 16 T.C. 893, 906 (1951). We are satisfied that petitioner suffered physical injuries as a result of the car accident, but she failed to show that they were sufficiently debilitating to establish reasonable cause. See <u>Carter v. Commissioner</u>, T.C. Memo. 1998-243, affd. in part 187 F.3d 640 (8th Cir. 1999). This conclusion is based on the fact that petitioner, in 1996, continued her employment, remitted estimated tax payments, and filed a request for an extension of time to file her 1996 return. The ability to continue performing daily business operations negates reasonable cause. See <u>Dickerson v. Commissioner</u>, T.C. Memo. 1990-577; <u>Fambrough v. Commissioner</u>, T.C. Memo. 1990-104. Respondent is sustained on this issue.

2. <u>Addition to Tax Under Section 6654(a) for Failure To Pay Estimated Tax</u>

Section 6654(a) provides for an addition to tax "in the case of any underpayment of estimated tax by an individual". This addition to tax is mandatory unless petitioner establishes that one of the statutorily provided exceptions in section 6654(e) applies. See <u>Spurlock v. Commissioner</u>, T.C. Memo. 2003-248 n.9. But see <u>Mackey v. Commissioner</u>, T.C. Memo. 2004-70. Petitioner underpaid estimated tax for 1996 and has not shown that any of the statutory exceptions are applicable. Respondent is sustained on this issue.

3. <u>1993, 1994, and 1995 Overpayments of Tax</u>

Petitioner argues that no additions to tax are due for 1996 because she had overpayments of tax from 1993, 1994, and 1995 of $2,694, $2,039, $1,902, respectively, that should be applied to offset her 1996 underpayment as "estimated taxes for the following years."  We are a Court of limited jurisdiction, and one of the requirements for the Court to acquire jurisdiction is that a statutory notice of deficiency be issued for the year that petitioner seeks our review.  <u>Moretti v. Commissioner</u>, 77 F.3d 637, 642 (2d Cir. 1996).  No statutory notice of deficiency was issued for any of the years for which petitioner seeks a determination that there was an overpayment.  Furthermore, section 6214(b) provides that the

> Tax Court in redetermining a deficiency of income tax * * * shall consider such facts with relation to the taxes for other years * * * as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other year * * * has been overpaid * * *.

Accordingly, we have no jurisdiction to review the validity of these alleged overpayments.  See <u>Moretti v. Commissioner</u>, <u>supra</u>.

Assuming that there were overpayments for 1993, 1994, and 1995, this result may seem harsh.  But, the result flows directly from petitioner's failure to file timely tax returns for those years.[4]

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered for respondent with respect to the deficiency and additions to tax under sections 6651(a)(1) and 6654(a) and for petitioner with respect to the addition to tax under section 6651(a)(2).

---

[4]  While petitioner filed a return in 1998 for 1993, the refund claimed was time barred.