T.C. Summary Opinion 2006-12

UNITED STATES TAX COURT

GABRIEL T. LEWIS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15835-04S.                    Filed January 30, 2006.

Gabriel T. Lewis, pro se.

Tamara L. Kotzker, for respondent.

PANUTHOS, Chief Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, all subsequent section references are to the Internal

Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $3,776 in petitioner's Federal income tax for the taxable year 2002 and additions to tax under sections 6651(a)(1) and 6654(a) of $739.35 and $122.01, respectively.[1]

The issues for decision are whether petitioner is (1) taxable on wage income he received; (2) liable for the addition to tax under section 6651(a)(1) for failure to timely file a return; (3) liable for the addition to tax under section 6654(a) for underpayment of estimated income tax; and (4) liable for a penalty under section 6673.

## Background

This case was submitted fully stipulated. At the time the petition was filed, petitioner resided in New York, New York.

During 2002, petitioner was an employee of TIAA-CREF and received wage income of $34,840.32. Petitioner resided in and worked in New York, New York, for the entire 2002 taxable year.

---

[1] Respondent also determined an addition to tax under sec. 6651(a)(2); however, respondent conceded that petitioner is not liable for said addition to tax. In his pretrial memorandum, respondent suggests that as the result of his concession of the sec.6651(a)(2) addition to tax there should be an increase in the amount of the sec. 6651(a)(1) addition to tax. Respondent did not file an answer or otherwise make an appropriate claim for such increase; accordingly we do not consider any claim for an increase.

Petitioner failed to file a timely Federal income tax return for the taxable year 2002. In April 2004, respondent proposed adjustments to petitioner's 2002 taxes. A notice of deficiency was issued on May 28, 2004, wherein respondent determined that petitioner received taxable wage income.

On April 18, 2005, petitioner submitted to respondent a proposed Federal income tax return for 2002. The return reflects wages of $34,840.32. On line 21 of the Form 1040, U.S. Individual Income Tax Return 2002, the identical amount is listed as a credit or deduction and refers to "Form 2555-EZ". Attached to the return is Form 2555-EZ, Foreign Earned Income Exclusion, wherein petitioner lists his "foreign address" and his employer's "foreign address" as street addresses in New York, New York.

Petitioner asserts that the wage income he received from TIAA-CREF for the taxable year 2002 is not subject to Federal income tax. In his petition, he states: "I have been blatantly denied due process of law and the IRS has absolutely no factual or legal basis for issuing a deficiency in this matter."

This case was called for trial at New York, New York. The parties submitted a stipulation of facts and, as indicated, they agreed that there was no need for submission of additional evidence. Respondent also filed a Motion for Sanctions pursuant to section 6673. Petitioner asked for an opportunity to respond to respondent's motion for sanctions. The Court noted on the

record that petitioner's allegations appeared frivolous, and the Court discouraged petitioner from making additional arguments similar to those arguments previously made.  With that admonishment, the Court gave petitioner an opportunity to respond to respondent's motion for sanctions.  On June 13, 2005, petitioner filed a brief wherein he repeats and expands prior frivolous arguments.

## Discussion

Generally, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that the determinations are in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Pursuant to section 7491, the burden of proof as to factual matters shifts to the Commissioner if the taxpayer introduces credible evidence and satisfies the requirement to substantiate items.  Sec. 7491(a)(2)(A).  Petitioner has neither alleged that section 7491(a) applies nor established his compliance with the requirements of section 7491(a)(2)(A) or (B).  In any event, there is no factual dispute.[2]

---

[2] As to the additions to tax under secs. 6651(a) and 6654(a), respondent has the burden of production.  Sec. 7491(c). The burden of showing reasonable cause under sec. 6651(a) remains on petitioner.  Higbee v. Commissioner, 116 T.C. 438, 446-448 (2001).  With respect to the sec. 6654(a) addition, the burden remains with petitioner to establish applicability of any exceptions.  Spurlock v. Commissioner, T.C. Memo. 2003-248.

1.  Receipt of Wage Income

Petitioner does not dispute that he received $34,840 from TIAA-CREF, by whom he was employed.  Petitioner argues that his wages do not constitute income or that he is exempt from income.

Section 61(a) defines gross income as "all income from whatever source derived," unless otherwise provided.  The Supreme Court has consistently given this definition of gross income a liberal construction "in recognition of the intention of Congress to tax all gains except those specifically exempted." Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955); see also Roemer v. Commissioner, 716 F.2d 693, 696 (9th Cir. 1983) (all realized accessions to wealth are presumed to be taxable income, unless the taxpayer can demonstrate that an acquisition is specifically exempted from taxation), revg. 79 T.C. 398 (1982).  Suffice it to say that petitioner is a taxpayer who is subject to Federal income tax on his wages and other sources of income.  See secs. 1(c), 61(a)(1), (11), 7701(a)(1), (14); Nestor v. Commissioner, 118 T.C. 162, 165 (2002), supplemented by T.C. Memo. 2002-251.  Petitioner presented this Court with frivolous contentions that merit no discussion.  See Rowlee v. Commissioner, 80 T.C. 1111 (1983); Hallock v. Commissioner, T.C. Memo. 1983-684.  Thus, we sustain respondent's determination that petitioner's wages constitute gross income.

2.  <u>Addition to Tax Under Section 6651(a)(1) for Failure To File</u>

If a Federal income tax return is not timely filed, an addition to tax will be assessed "unless it is shown that such failure is due to reasonable cause and not due to willful neglect".  Sec. 6651(a)(1).  A delay is due to reasonable cause if "the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time".  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; see also <u>United States v. Boyle</u>, 469 U.S. 241, 243 (1985).

Respondent's records reflect that petitioner did not file a timely return for the taxable year 2002.  Petitioner did submit a return in April 2005.  There is no record of petitioner's having filed a request for extension of time to file a return.

The record contains no evidence, nor has petitioner made any arguments, to establish reasonable cause for the failure to timely file.

3.  <u>Addition to Tax Under Section 6654(a) for Failure To Pay Estimated Tax</u>

Section 6654(a) provides for an addition to tax "in the case of any underpayment of estimated tax by an individual".  This addition to tax is mandatory unless petitioner shows that one of the statutorily provided exceptions applies.  Sec. 6654(e); <u>Grosshandler v. Commissioner</u>, 75 T.C. 1, 20-21 (1980).  There is no exception for reasonable cause or lack of willful neglect.

Estate of Ruben v. Commissioner, 33 T.C. 1071, 1072 (1960).

Petitioner did not remit any estimated tax payments for 2002 and has not shown that any of the statutory exceptions are applicable. Respondent's determination as to the addition to tax under section 6654(a) is sustained.

## 4. Section 6673 Sanctions

As indicated at trial, respondent filed a Motion for Sanctions to impose a penalty on petitioner pursuant to section 6673(a)(1). Petitioner made frivolous arguments in his petition, at trial, and in a memoranda to this Court. Petitioner's brief only made more groundless arguments in response to respondent's Motion.

Under these circumstances, we see no need to catalog petitioner's arguments and painstakingly address them. As the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984).

Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or

groundless. The Court warned petitioner that further groundless arguments would warrant sanctions. Petitioner disregarded the Court's warning. The Court will grant respondent's Motion and we will require petitioner to pay a penalty of $1,000 pursuant to section 6673.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.