T.C. Memo. 2006-144

UNITED STATES TAX COURT

JOHN H. WEBSTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24277-04.                    Filed July 6, 2006.

John H. Webster, pro se.

<u>Huong T. Duong</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment and to impose a penalty under section 6673.[1]

_____

   [1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $22,285 in petitioner's 1998 Federal income tax, a section 6651(a)(1) addition to tax of $10,585.38, and a section 6654(a) addition to tax of $1,011.45. In his answer, respondent adjusted the amount of the section 6651(a)(1) addition to tax to $5,571.25.[2]

The issues for decision are: (1) Whether petitioner is liable for the deficiency determined by respondent; (2) whether petitioner is liable for the failure to file addition to tax under section 6651(a)(1); (3) whether petitioner is liable for the failure to pay estimated tax addition to tax under section 6654(a); and (4) whether petitioner is liable for the penalty pursuant to section 6673.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in Santa Clara, California.

---

[2] Respondent attached a Form 4549, Income Tax Examination Changes, to the notice of deficiency. In the Form 4549, respondent asserted a sec. 6651(a)(1) addition to tax of $5,014.13 and a sec. 6651(a)(2) addition to tax of $5,571.25. These additions to tax were consolidated on the first page of the notice of deficiency where respondent asserted a sec. 6651(a)(1) addition to tax in the amount of $10,585.38. In his answer, respondent concedes the sec. 6651(a)(2) addition to tax asserted in Form 4549, and as a result, increased the sec. 6651(a)(1) addition to tax initially asserted in Form 4549 to the maximum amount of 25 percent of the amount required to be shown as tax on the return.

In 1998, petitioner received $68,532 from Focaltron Corporation as nonemployee compensation and $32 from Wells Fargo Bank as interest income.

Petitioner admits that he did not file a Federal income tax return for tax year 1998 and did not make any payments for tax year 1998.

## Discussion

### I. Motion for Summary Judgment

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Summary judgment may be granted if it is demonstrated that no genuine issue exists as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). As the party who moved for summary judgment, respondent has the burden of showing there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Nis Family Trust v. Commissioner, 115 T.C. 523, 536, 537-538 (2000).

We conclude that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

II. <u>The Deficiency</u>

Section 61 defines gross income as all income from whatever source derived. Gross income includes, among other things, compensation for services and interest. Sec. 61(a).

Petitioner admits that he received the income listed in the notice of deficiency. However, petitioner contends, inter alia, that:

> All Fedral [sic] income taxes levyed [sic] against me from 1998 to the present should be voided since during this time I have not been a tax filer or tax payer [sic] as defined in the US Tax Code, nor has any of the moneys I received resulted from interstate commerce [sic] or otherwise met the definition of "Taxable Gross Income" per that Tax Code. To make sure that I have not missed anything I have specifically requested that the IRS notify me of any law or code that actually requires me to file or pay Federal Income Tax. They have not notified me of any such law or code.
> In addition the Federal Government has in general exempted me from any so called "Social Contract" to pay taxes by an Agency of that Government having violated my rights and thereby that Government has failed to uphold its part of that "Social Contract".

Petitioner advanced these and other arguments in filings and at the summary judgment hearing. These arguments are characteristic of tax-protester rhetoric that has been universally rejected by this and other courts. <u>Wilcox v. Commissioner</u>, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; <u>Carter v. Commissioner</u>, 784 F.2d 1006, 1009 (9th Cir. 1986). We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might

suggest that these arguments have some colorable merit." <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984).

Accordingly, we conclude that petitioner is liable for the deficiency determined by respondent.

III. <u>Additions to Tax and Penalty</u>

A. <u>Section 6651(a)(1)</u>

Respondent determined that petitioner is liable for an addition to tax pursuant to section 6651(a)(1). Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect. See <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001). Petitioner conceded that he did not file a return for 1998, and there is no showing that his failure to file was due to reasonable cause and not due to willful neglect. Accordingly, we hold that petitioner is liable for the addition to tax under section 6651(a)(1).

B. <u>Section 6654(a)</u>

Section 6654 imposes an addition to tax for failure to pay estimated income tax. The section 6654 addition to tax is mandatory unless the taxpayer comes within one of the limited statutory exceptions. <u>Spurlock v. Commissioner</u>, T.C. Memo. 2003-248.

Form 4340, Certificate of Assessments, Payments, and Other Specified Matters; Form 1099-MISC; and the stipulation of facts establish that petitioner failed to pay any estimated tax for 1998.

Petitioner does not qualify for any of the exceptions listed in section 6654(e). Accordingly, we hold that petitioner is liable for the addition to tax pursuant to section 6654(a).

C. <u>Section 6673</u>

Under section 6673, this Court may require a taxpayer to pay a penalty not to exceed $25,000 if the taxpayer takes a frivolous position in the proceeding or institutes the proceeding primarily for delay. A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law." <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986).

Petitioner's protester rhetoric is manifestly frivolous and groundless. He has wasted the time and resources of this Court on more than one occasion.[3] Petitioner's insistence on making protester type arguments after he was warned both in the current proceedings and in prior proceedings before this Court indicates

---

[3] Petitioner was before this Court regarding his 1997 tax year, advancing similar protester arguments. <u>Webster v. Commissioner</u>, T.C. Summary Opinion 2002-43. We sustained respondent's determination and warned petitioner that the imposition of a sec. 6673 penalty was likely if petitioner returned to this Court advancing similar arguments. <u>Id.</u>

an unwillingness on the part of petitioner to respect the tax laws of the United States. Petitioner has had a fair warning that penalties would be imposed if he continued to make frivolous arguments. Accordingly, we shall impose a penalty on petitioner pursuant to section 6673 in the amount of $2,500.

To the extent not herein discussed, we have considered the parties' other arguments and found them to be irrelevant or meritless.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.