T.C. Memo. 2003-237

UNITED STATES TAX COURT

JAMES AND TERRI CARSKADON, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 356-00.                     Filed August 11, 2003.

James and Terri Carskadon, pro sese.

Robert S. Scarbrough, for respondent.

MEMORANDUM OPINION

GOLDBERG, Special Trial Judge:  This case is before the
Court on respondent's motion to dismiss for failure to state a
claim upon which relief may be granted, filed pursuant to Rule
40.[1]

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year at issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

By notice of deficiency, respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1997 of $6,495, and an accuracy-related penalty of $655.80 pursuant to section 6662(a) and (b)(1).

In the notice of deficiency, respondent determined that petitioners failed to report $50,847 of taxable wages petitioner[2] received during 1997. Petitioner's wages were reported by five separate employers on Forms W-2, Wage and Tax Statement, as follows:

| | |
|---|---:|
| ALIC | $411 |
| Department of the Air Force | 3,264 |
| The Boeing Company | 39,295 |
| Volt Management | 7,678 |
| Morning Sun, Inc. | 199 |
| Total | $50,847 |

When petitioners filed their 1997 tax return, they attached a statement explaining their position for the difference between the amounts reported as gross income on their tax return and the amounts reported on the Forms W-2. Evidently, petitioners raised arguments that wages were not includable in gross income. In the attachment, petitioners requested advice from the Commissioner as to the validity of their position. On June 23, 1998, the Commissioner sent petitioners a correspondence notifying them that the position taken on their 1997 tax return was frivolous and without merit. The June 23, 1998, correspondence commenced

---

[2] References to petitioner in the singular are to James Carskadon.

the examination of petitioners' 1997 tax return.

At the time the petition was filed, petitioners resided in Tacoma, Washington. In their petition, petitioners dispute the entire amount of the deficiency and penalty for 1997. Further, they state that the Commissioner's determination is erroneous based on the following: (1) Time is a right, not a privilege; thus, the exchange of time is not a taxable transaction; (2) petitioners are not liable for the additions to tax; and (3) respondent's determinations in the notice of deficiency are arbitrary and capricious.

The facts upon which petitioners rely as a basis for the assigned errors are as follows: (1) The Internal Revenue Code (Code) does not contain a provision including "time reimbursement transactions" as taxable wages, salaries, or gross income; (2) time is a right that Congress cannot tax, because Congress can only tax a privilege; (3) Congress did not supply petitioners with an entry visa or green card; therefore, Congress has no control over petitioners' time; and (4) since time is transferred in return for money, the transaction is a reimbursement or equal exchange of property and is not a taxable transaction.

Respondent filed the subject motion to dismiss on March 13, 2000. By order dated March 15, 2000, the Court: (1) Directed petitioners to file, on or before May 5, 2000, an Amended Petition which complies with our Rules; and (2) calendared

respondent's motion for hearing at the Seattle, Washington trial session beginning June 5, 2000. Defying the Court's order, petitioners failed to file an Amended Petition in this case. On June 5, 2000, when the case was called from the calendar, respondent's counsel appeared and was heard. However, petitioners did not appear at the proceeding, nor did anyone appear on their behalf.

Thereafter, respondent filed the present motion to dismiss on the grounds that the petition fails to allege any justiciable error with respect to respondent's determinations and fails to allege any facts in support of the alleged errors. Respondent asks the Court to grant the motion, to enter a decision in favor of respondent, and to require petitioners to pay a penalty to the United States pursuant to section 6673.

Prior to the Court ruling on respondent's motion to dismiss, petitioners, on September 8, 2000, filed a petition with the United States Bankruptcy Court. The filing of a bankruptcy petition operates as a stay of the commencement or continuation of proceedings in this Court. See Allison v. Commissioner, 97 T.C. 544, 545 (1991). The stay is lifted upon the earlier of the closing of the case, the dismissal of the case, or upon the granting or denial of a discharge. 11 U.S.C. sec. 362(c)(2) (2000); see Guerra v. Commissioner, 110 T.C. 271, 275 (1998).

On November 17, 2000, this Court ordered that all proceeding

relating to this case were automatically stayed pursuant to 11 U.S.C. sec. 362(a)(8). On May 28, 2003, the Bankruptcy Court issued an order granting petitioners a discharge under 11 U.S.C. sec. 727, which served to terminate the automatic stay. See 11 U.S.C. sec. 362(c)(2)(C). Accordingly, on July 8, 2003, this Court ordered that the stay of proceedings in this case is lifted.

Rule 34(b)(4) provides that a petition filed in this Court shall contain clear and concise assignments of each and every error which petitioners allege to have been committed by respondent in the determination of the deficiencies and additions to tax in dispute. Rule 34(b)(5) provides that the petition shall contain clear and concise lettered statements of the facts on which petitioners base the assignments of error. No justiciable error has been alleged in the petition filed by petitioners. By order dated March 15, 2000, we provided petitioners an opportunity to file an amended petition which would comply with Rule 34(b)(4) and (5). Petitioners, however, chose not to file the amended petition. Further, petitioners did not appear at the June 5, 2000, motion to dismiss hearing.

Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. Generally, we may dismiss a petition for failure to state a claim upon respondent's motion when it appears beyond doubt that

petitioner can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982).

The determinations of the Commissioner in a notice of deficiency are presumed correct, and the burden is on the taxpayer to show that the determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[3] In addition, any issue not raised in the pleadings is deemed conceded. Rule 34(b)(4); Jarvis v. Commissioner, 78 T.C. 646, 658 n.19 (1982); Gordon v. Commissioner, 73 T.C. 736, 739 (1980). Because petitioners failed to raise any justiciable facts or issues in their petition, failed to file an amended petition, and failed to appear for hearing, we grant respondent's motion to dismiss. See Klein v. Commissioner, 45 T.C. 308 (1965); Goldsmith v. Commissioner, 31 T.C. 56 (1958); Weinstein v. Commissioner, 29 T.C. 142 (1957).

Finally, we turn to the portion of respondent's motion that moves for a penalty pursuant to section 6673. Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the

---

[3] Sec. 7491 does not apply in this case to place the burden of proof on respondent because, among other reasons, the examination was commenced prior to July 22, 1998. Further, the burden of proof is irrelevant in this case because there are no material facts in dispute. See Nis Family Trust v. Commissioner, 115 T.C. 523, 537-538 (2000); Corcoran v. Commissioner, T.C. Memo. 2002-18, affd. 54 Fed. Appx. 254 (9th Cir. 2002).

United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless.

Petitioner has not denied that he received $50,847 from his employers during 1998. Further, in their petition, petitioners concede that the $411 received from ALIC and the $3,264 received from the Department of the Air Force are taxable wages. Petitioners theorize that since petitioner did not expend any time in exchange for the funds from ALIC and the Air Force, these wages are taxable. Conversely, petitioners argue that the funds received from petitioner's other employers are not taxable because petitioner obtained the funds in exchange for his time. Petitioners assert that petitioner's wages are not taxable because the Code, which states exactly what is taxable, does not specifically state that "time reimbursement transactions", a term of art coined by petitioners, are taxable. However, the Code does not limit gross income to the list provided in section 61(a). Gross income means all income from whatever source derived. Sec. 61(a). Petitioners' arguments completely disregard the definition of gross income.

Petitioners have failed to raise any bona fide dispute as to the amounts reported by petitioner's various employers as wages. Petitioners' arguments that petitioner's wages are not taxable

are without merit and are groundless. Petitioners' contentions are patently absurd, based on mere semantics, and are unsupported by the law. Petitioners' assertions have been considered and consistently rejected by this and other courts. See Eisner v. Macomber, 252 U.S. 189, 207-208 (1920); United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981); Abrams v. Commissioner, 82 T.C. 403, 407-408 (1984), and cases cited therein; Rowlee v. Commissioner, 80 T.C. 1111, 1119-1122 (1983); Bumgarner v. Commissioner, T.C. Memo. 1997-48.

Gross income means all income from whatever source derived, including (but not limited to) compensation for services. Sec. 61(a). Gross income includes income realized in any form, whether in money, property, or services. Sec. 1.61-1(a), Income Tax Regs. Income as defined under the 16th Amendment is "gain derived from capital, from labor, or from both combined". Eisner v. Macomber, supra at 207. Even if wages could be characterized as the product of an exchange, the amount received in the exchange is still income within the Code. Rice v. Commissioner, T.C. Memo. 1982-129. Although the wages received by petitioner "may represent no more than the time-value of his work, they are nonetheless the fruit of his labor, and therefore represent gain derived from labor which may be taxed as income." Id. Clearly, the $50,847 petitioner received as compensation from his employers during 1997 is taxable income.

A petition to the Tax Court is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). As set forth in their petition, petitioners have raised only frivolous arguments which can be characterized as tax protester rhetoric. Based on well-established precedent, petitioners' arguments are frivolous and groundless.

Further, the record in this case establishes that petitioners had no interest in disputing either the deficiency or the penalty determined by respondent. Petitioners' failure to file an amended petition in compliance with the Court's order of March 15, 2000, coupled with their failure to appear at the June 5, 2000, hearing, convinces us that these proceedings were instituted primarily for delay. Petitioners with genuine controversies were delayed while we considered this case.

Based on our findings that (1) petitioners' arguments are frivolous and groundless, and (2) these proceedings were instituted primarily for delay, we require petitioners to pay a penalty to the United States in the amount of $2,000. See sec. 6673(a)(1); Abrams v. Commissioner, supra at 412-413.

To reflect the foregoing,

An appropriate order of dismissal and decision will be entered.