T.C. Memo. 2008-95

UNITED STATES TAX COURT

LEO P. CONNOLLY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11165-07L.                    Filed April 14, 2008.

Leo P. Connolly, pro se.

Andrea D. Haddad, for respondent.

MEMORANDUM OPINION

HALPERN, Judge:  This case is before the Court to review a

determination made by respondent's Appeals Office (Appeals) that

respondent may proceed to collect by levy amounts assessed but

unpaid with respect to petitioner's 2001, 2002, and 2003 Federal

income tax liabilities (the years in issue and the unpaid

assessments, respectively).  Petitioner has moved to dismiss for

lack of jurisdiction (the motion to dismiss).  Respondent objects.  Respondent has moved for summary judgment and to impose a penalty under section 6673(a)(1) (the summary judgment/penalty motion).[1]  Petitioner objects.  We shall deny the motion to dismiss and grant the summary judgment/penalty motion.

Background

The following undisputed facts are established by the pleadings, the summary judgment/penalty motion, the declaration and four exhibits attached to that motion, the motion to dismiss, and respondent's response thereto.

Respondent determined deficiencies in petitioner's Federal income taxes for the years in issue and, on April 26, 2005, mailed to petitioner statutory notices of deficiency (statutory notices) with respect to those years.  Petitioner did not petition the Tax Court in response to any of the statutory notices.  On October 10, 2005, respondent assessed $6,889.40, $15,814.27, and $6,393.33 with respect to the tax liabilities (including additions to tax, and applicable interest) for the years in issue, respectively.  On July 20, 2006, respondent issued to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing, advising him that respondent intended

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and applicable to this case, and all Rule references are to the Tax Court Rules of Practice and Procedure.

to levy to collect the unpaid assessments and informing him of his right to a hearing before Appeals. On August 21, 2006, respondent timely received from petitioner an Internal Revenue Service (IRS) Form 12153, Request for a Collection Due Process Hearing (the hearing request). In the hearing request, petitioner set forth the following reasons for disagreeing with respondent's proposed levy: He has not engaged in any trade or business having to do with tobacco or distilled spirits for the years in question. The only types of taxes that can be collected by distraint are those on cotton and distilled spirits, and he was not involved in cotton or distilled spirits for the years in question. Sections 6201 and 6331 deal with excise taxes and not income taxes. The IRS has not promulgated any implementing regulations for sections 6201 and 6331. Therefore, no statutory authority exists to assess or to levy on his property.

On or about November 29, 2006, an Appeals employee, Settlement Officer Maria Russo (Ms. Russo), was assigned to conduct petitioner's Appeals hearing. On March 5, 2007, Ms. Russo sent petitioner a letter (the March 5 letter or, simply, the letter) informing him that Appeals had received the hearing request and that she had "scheduled a telephone conference call for you on Monday, April 2, 2007 at 9 a.m." The letter states that petitioner raised items in the hearing request that the courts have determined are frivolous or groundless, and Appeals

does not provide a face-to-face conference if the only items the taxpayer wants to discuss are such items. It advises him that, if he is interested in having a face-to-face conference, he must be prepared to discuss issues relevant to paying his tax liability, such as collection alternatives; e.g., an offer-in-compromise or an installment agreement. It cautions him that, if he wishes to have a face-to-face conference, he must write Ms. Russo within 14 days describing the specific legitimate issues he will discuss. It continues: "If you do not qualify for a face-to-face hearing, you will have a telephone hearing/conference or discuss with us by correspondence any relevant challenges to the filing of the * * * proposed levy." It warns petitioner that, if he wishes Ms. Russo to consider collection alternatives, he must file all Federal tax returns required to be filed (there was no record of his 2005 return), and he must submit a complete Form 433A, Collection Information Statement for Individuals. It further warns him that, in the event he takes his case to Tax Court, the Court is empowered to impose monetary sanctions against him for instituting or maintaining an action before it primarily for delay or for taking a position that is frivolous or groundless.

Additional telephone and written communications between Ms. Russo and petitioner followed. On March 20, 2007, Ms. Russo received a letter from petitioner in which he claims that he is

not aware of any revenue taxable activity that he is engaged in that makes him liable for an excise tax measured by his income. He attaches an affidavit stating that he is "of competent age and mind", is "a private-sector, non-federally-connected individual", has "not refused or neglected to render any federal-tax-related list of return within the time required upon being notified or required to do so", is "not, and never have been, required to deliver a monthly or other return of objects subject to tax", and is "not, and never have been, engaged in the administration or enforcement of any internal revenue laws."

By April 2, 2007, Ms. Russo had received no collection information from petitioner. Nevertheless, on that date, at 9 a.m., Ms. Russo telephoned petitioner. Petitioner asked for a face-to-face hearing. Ms. Russo explained that, on the basis of the issues he had raised, he did not qualify for one. Petitioner did not propose any collection alternatives. Ms. Russo told petitioner that she would consider anything he wanted to send her; if he qualified, she would schedule a face-to-face conference; and, if he did not qualify for a face-to-face conference, she would make her determination on the material before her.

On April 9, 2007, Ms. Russo received a letter from petitioner providing no collection information, protesting the lack of a fair hearing, and listing various attached documents,

including excerpts from court cases and regulations.

On April 24, 2007, Appeals Team Manager Matthew N. McLaughlin, adopting Ms. Russo's recommendation, issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (the notice of determination), determining the proposed levy regarding petitioner's tax liability for the years in issue to be appropriate.  The notice of determination summarizes Ms. Russo's recommendation as follows:

> Based on the information in the case file, the Notice of Intent to Levy was appropriate at the time it was issued.  Despite several requests to do so, the taxpayer failed to submit any financial information and a repayment proposal.  Collection action would be appropriate to collect this debt.  The action is now necessary to provide for the efficient collection of the taxes despite the potential intrusiveness of enforced collection.

In response to the notice of determination, petitioner petitioned the Court for review, and the petition was filed on May 21, 2007.

Discussion

## I.  Motion To Dismiss

Section 6331(a) authorizes the Secretary to levy against property and property rights where a taxpayer liable for taxes fails to pay those taxes within 10 days after notice and demand for payment is made.  Section 6331(d) requires the Secretary to send the taxpayer written notice of the Secretary's intent to

levy, and section 6330(a) requires the Secretary to send the taxpayer written notice of his right to a hearing (a section 6330 hearing) at least 30 days before any levy is begun. If a section 6330 hearing is requested, it is to be conducted by Appeals. Sec. 6330(b)(1). The matters to be considered are specified in section 6330(c). At the conclusion of the section 6330 hearing, Appeals must determine whether and how to proceed with collection, taking into account, among other things, collection alternatives proposed by the taxpayer and whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary. See sec. 6330(c)(3). We have jurisdiction to review Appeals's determination. Sec. 6330(d)(1).

As we understand petitioner's argument in support of the motion to dismiss, it is that the Secretary's authority to levy under section 6331(a) without a court order does not extend to his property because he is not a government worker. Petitioner is wrong. Section 6331(a) empowers the IRS to levy upon the property of all taxpayers. James v. United States, 970 F.2d 750, 755 n.9 (10th Cir. 1992) (citing Sims v. United States, 359 U.S. 108, 112-113 (1959), for the following: "all taxpayers are subject to levy for deficiencies under section 6331; section 6331 specifically names government employees and agents in response to

earlier Supreme Court case [Smith v. Jackson, 246 U.S. 388 (1918)] which held that 'federal disbursing officer might not, in the absence of express congressional authorization, set off an indebtedness of a federal employee to the Government against the employee's salary'"). In the James case, the Court of Appeals for the Tenth Circuit considered the taxpayer's argument (similar to petitioner's argument here) to be frivolous. James v. United States, supra. We reach the same conclusion with respect to petitioner's argument.[2] See also Craig v. United States, 30 F.3d 139 (Table), text at 1994 WL 408250 (9th Cir. 1994); Creamer v. Commissioner, T.C. Memo. 2007-266.

Appeals issued the notice of determination pursuant to section 6330. In response thereto, petitioner timely petitioned the Court. We have jurisdiction to review the petition pursuant to section 6330(d)(1). The motion to dismiss is not well founded, and, as stated, we shall deny it.

II. Summary Judgment/Penalty Motion

A. Summary Judgment

Petitioner assigns error to respondent's failure to grant him a face-to-face hearing. In support of his assignment, he avers that he was not informed that he would receive only a

---

[2] A taxpayer's position is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for a change in the law. E.g., Takaba v. Commissioner, 119 T.C. 285, 294 (2002).

hearing by telephone and that none of his submissions were frivolous.  Respondent asks for summary judgment in his favor on the ground that Ms. Russo did not abuse her discretion in rejecting petitioner's request for a face-to-face hearing since he raised only frivolous arguments.

Summary judgment may be granted "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b).  The moving party has the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  E.g., Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985).

Petitioner does not deny he received the March 5 letter.  The March 5 letter schedules a telephone conference for April 2, 2007, and clearly informs petitioner that he would not receive a face-to-face conference if the only items he wished to discuss were frivolous or groundless.  Nor does petitioner deny he did have a telephone conference with Ms. Russo on April 2, 2007.  Petitioner also does not contradict respondent's claim that, during that telephone conference, petitioner proposed no collection alternatives.  By the hearing request, and by his communications with Ms. Russo, petitioner raised no substantive

issues.  He made only frivolous legal arguments against the Federal income tax that we need not "refute * * * with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) (per curiam).  Ms. Russo clearly told petitioner that he would get no face-to-face conference if he wished to discuss only frivolous issues.

The only question is whether Ms. Russo erred in denying petitioner a face-to-face conference.  Although a hearing may consist of a face-to-face conference, a proper section 6330 hearing may also occur by telephone or by correspondence under certain circumstances.  See Katz v. Commissioner, 115 T.C. 329, 337-338 (2000); sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.  Petitioner was offered and received a telephone conference.  Moreover, petitioner was offered a face-to-face conference if he would identify legitimate, relevant, and nonfrivolous issues he intended to discuss.  Petitioner did not do so.  Under those circumstances, we conclude that Ms. Russo did not err in denying him a face-to-face conference.  See Lunsford v. Commissioner,  117 T.C. 183, 189 (2001) ("[T]here may be cases, where taxpayers were not given a proper opportunity for an Appeals hearing, where it will be appropriate for this Court to require that an Appeals hearing be held.  However, we do not

believe that this should be done where, as in this case, the only arguments that petitioners presented to this Court were based on legal propositions which we have previously rejected."). Summary adjudication in respondent's favor is appropriate.

B. <u>Penalty</u>

Respondent urges us to impose a section 6673 penalty upon petitioner. In pertinent part, section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court that a proceeding before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in such a proceeding is frivolous or groundless, sec. 6673(a)(1)(B).

We have already determined that petitioner's argument in support of the motion to dismiss is frivolous. The hearing request and the history of petitioner's communications with Ms. Russo during the course of her consideration of his case are replete with frivolous legal arguments. Moreover, the March 5 letter warns petitioner that his arguments are frivolous, thereby exposing him to the Court's imposition of a section 6673(a) penalty. We can see no reason for the petition but to delay the collection of the unpaid assessments. Petitioner has not only wasted his time, but he has also wasted the time of respondent's employees, officers, and counsel, not to mention the waste of the

Court's time in disposing of this case. "The purpose of section 6673 is to compel taxpayers to think and to conform their conduct to settled principles before they file returns and litigate." <u>Takaba v. Commissioner</u>, 119 T.C. 285, 295 (2002). We shall exercise our authority under section 6673(a)(1) and require petitioner to pay to the United States a penalty of $2,500.

<u>An appropriate order and decision will be entered</u>.