T.C. Memo. 2015-104

UNITED STATES TAX COURT

CURTIS E. LEYSHON, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20983-13.                          Filed June 3, 2015.

P failed to file a Federal income tax return for 2010 and to
report compensation he received from two payors. Payors reported
payments to the Internal Revenue Service (IRS) on information
returns, and the IRS issued P a statutory notice of deficiency that
determined both income tax and self-employment tax arising from the
unreported income. P timely filed a petition.

R moved for summary judgment. P's opposition to R's motion
for summary judgment raised several frivolous arguments. The Court
granted R's motion for summary judgment and sua sponte ordered P
to appear at the previously scheduled calendar call to show cause why
the Court should not impose on him an I.R.C. sec. 6673(a)(1) penalty
for making frivolous arguments. P responded to the order to show
cause by filing a motion for reconsideration of the order, wherein he
reasserted the same frivolous arguments.

P appeared at the calendar call, but rather than address the
merits of the order to show cause, he reasserted the same frivolous

[*2] arguments the Court had previously rejected, despite the Court's several warnings that he faced the risk of sanctions if he persisted.

Held: The Court may consider any relevant facts and circumstances to determine whether to impose an I.R.C. sec. 6673(a)(1) penalty on P.

Held, further, the Court will take notice of its proceedings in a prior case, in which P's wife was the sole petitioner, because P participated in that prior case and was thereby given notice that his arguments are frivolous and that such arguments are subject to penalty.

Held, further, the Court will exercise its discretion to impose an I.R.C. sec. 6673(a)(1) penalty of $2,000.

Curtis E. Leyshon, for himself.

Olivia H. Rembach, for respondent.

MEMORANDUM OPINION

GUSTAFSON, Judge: The Internal Revenue Service ("IRS") determined a deficiency of $2,437 in petitioner Curtis Leyshon's 2010 Federal income tax, together with additions to tax of $548 under section 6651(a)(1) for failure to timely file his return and $292 under section 6651(a)(2) for failure to timely pay

**[*3]** tax.[1]  The Court granted summary judgment in favor of respondent, the

Commissioner, sustaining the IRS's determinations, and sua sponte ordered

Mr. Leyshon to show cause why he should not be held liable for a penalty under

section 6673(a)(1) for maintaining frivolous and dilatory positions.  The case is

before the Court on Mr. Leyshon's motion for reconsideration as to the deficiency

and on the Court's order to show cause as to the penalty.  For the reasons

discussed below, Mr. Leyshon's motion will be denied, the order to show cause

will be made absolute, and a penalty of $2,000 will be imposed on Mr. Leyshon.

## Background

The following facts are derived from the petition, from the Commissioner's

summary judgment motion, and from the records of this Court.[2]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code ("Code"), and all Rule references are to the Tax Court Rules of Practice and Procedure.  All amounts are rounded to the nearest dollar.

[2]Over Mr. Leyshon's objection, see infra part II, we take judicial notice, pursuant to Fed. R. Evid. 201, of the record in Lisa Webb Leyshon v. Commissioner, T.C. Memo. 2012-248, Mr. Leyshon's wife's Tax Court proceeding at docket No. 14071-11.  As is discussed in further detail below, Mr. Leyshon attended his wife's trial, sat with her at counsel table, and assisted her in that litigation.

**[*4]** <u>Mr. Leyshon's 2010 income</u>

Mr. Leyshon has a high school education and works as a carpenter. In 2010 Mr. Leyshon received $15,394 in compensation from Thomas C. Vannoy and $700 from Soha Holdings, LLC. Both payments were reported to the IRS by the payors on information returns. Mr. Leyshon did not file a Federal income tax return for 2010 when it was due in April 2011 (nor thereafter).

<u>Prior proceedings concerning Mr. Leyshon's wife</u>

In June 2011 petitioner's wife, Lisa Webb Leyshon, filed a Tax Court case styled <u>Leyshon v. Commissioner</u>, T.C. Memo. 2012-248, with facts and issues similar to those of Mr. Leyshon's present case. There, Mrs. Leyshon petitioned the Court for redetermination of a 2008 deficiency resulting from unreported income (wages) and an addition to tax for failure to timely file a tax return. After Mrs. Leyshon raised several "tax protester"[3] arguments (that were very similar to Mr. Leyshon's current arguments),[4] the Commissioner moved the Court to impose

---

[3]Persons who make frivolous anti-tax arguments are often referred to as "tax protesters" or "tax defiers". <u>Wnuck v. Commissioner</u>, 136 T.C. 498, 502 n.2 (2011).

[4]In this case Mr. Leyshon makes three of the same frivolous arguments that the Court previously rejected in Mrs. Leyshon's case: (1) because wages and income are not the same thing in the Code, wages do not constitute taxable income, and the definition of wages is limited to that set forth in sections 3401 to

(continued...)

**[*5]** on Mrs. Leyshon a penalty pursuant to section 6673(a)(1)(B) for maintaining a frivolous or groundless litigation position.

Mr. Leyshon attended and participated in Mrs. Leyshon's trial in May 2012. The trial transcript shows that Mr. Leyshon was permitted to sit at counsel table with Mrs. Leyshon, that she consulted with him during the trial, and that he had drafted documents that were filed in her case. Mrs. Leyshon explained: "My husband has power-of-attorney and he has always taken care of all of the tax issues and was taking care of the motion. I defer to him to explain under oath if necessary." The Court advised Mrs. Leyshon that it would not permit Mr. Leyshon to reiterate the frivolous arguments in her filings about why Mrs. Leyshon did not have to pay income tax. The Court then warned Mrs. Leyshon: "[I]f you make those arguments, you could be subject to sanctions and you likely are going to owe more money than you would if you just focused on the tax liability." Undeterred, Mrs. Leyshon made several frivolous arguments to the effect that she did not have a duty to pay income tax. The Court then again

---

[4](...continued)
3406; (2) the term "withholding agent" is strictly limited to persons required to deduct and withhold tax as defined in section 7701(a)(16) and is limited to non-resident aliens, foreign corporations, and foreign organizations; (3) the IRS did not have the authority to assess tax because the regulations (under which the IRS assessed the tax) are only a grant of interpretive rulemaking power and therefore have no authority.

**[\*6]** warned Mrs. Leyshon: "As far as your duty to pay income tax, that's in the Internal Revenue Code. I'm not going to go through all that with you. I've told you if you continue to make these arguments you potentially could be subject to sanction." All this occurred in May 2012 while Mr. Leyshon sat at counsel table with his wife. At the conclusion of the trial, the Court took the Commissioner's motion for sanctions under advisement.

In a Memorandum Opinion issued August 28, 2012, the Court held that Mrs. Leyshon failed to report wages and her retirement distribution and that she was liable for the section 6651(a)(1) addition to tax for failure to timely file a tax return. See Leyshon v. Commissioner, T.C. Memo. 2012-248. The Court noted that Mrs. Leyshon did not refute that she received and failed to report wages and her retirement distribution, and held that her arguments were "without merit and lack factual and legal foundation." Id. at \*8.

In discussing whether to impose a penalty under section 6673, the Court's August 2012 opinion noted that "[p]etitioner's arguments are manifestly frivolous" and that it appeared "that petitioner copied the substance of her documents from the Internet". Id. at \*10. Nonetheless, the Court exercised its discretion and declined to impose a section 6673 penalty on Mrs. Leyshon because it was her first time in Federal court--"but we sternly warn petitioner that we will

[*7] likely impose this penalty if she returns to this Court and makes similar arguments in the future."[5] Id. at *11.

The IRS's notice of deficiency and Mr. Leyshon's petition

When the IRS became aware of Mr. Leyshon's 2010 income and his non-filing of a return, it examined the issue of his liability for 2010. The IRS eventually issued to Mr. Leyshon a statutory notice of deficiency ("notice") dated June 3, 2013. The notice determined income tax of $563 and self-employment tax of $2,274 and made an unexplained negative income adjustment of $400, for an income tax deficiency totaling $2,437, plus additions to tax totaling $840 under section 6651(a)(1) and (2) for failure to timely file and failure to timely pay.

Thereafter, Mr. Leyshon timely filed his petition in this Court. Mr. Leyshon resided in North Carolina when he filed his petition. The petition includes this sentence: "The IRS has not disclosed what 'Subtitle A - Income Tax' the Notice of Deficiency pertains to in accord [sic] § 6211 and § 6212." (This statement appears to reflect Mr. Leyshon's mistaken assumption, discussed below, that

_____

[5]Mrs. Leyshon's subsequent appeal to the U.S. Court of Appeals for the Fourth Circuit, docket No. 12-2478, was dismissed because the notice of appeal was not timely filed, and a judgment was entered for the Commissioner on March 28, 2013.

**[\*8]** <u>self</u>-employment tax is not income tax under subtitle A of the Code but rather employment tax under subtitle C.)

<u>The Commissioner's motion for summary judgment</u>

On June 24, 2014, the Commissioner filed a motion for summary judgment. The Commissioner sought summary judgment on the issues of (1) Mr. Leyshon's liability for the income tax determined in the notice of deficiency and (2) his liability for the addition to tax determined in the notice under section 6651(a)(1) for failure to timely file a return. (The notice also determined an addition under section 6651(a)(2) for failure to timely pay, premised on a substitute for return ("SFR") prepared by the IRS, but the Commissioner conceded that issue in his motion for summary judgment.)

On July 18, 2014, Mr. Leyshon filed his opposition to the motion for summary judgment. Mr. Leyshon's opposition argued at length about the inadequacy of the IRS's purported SFR and about the insufficiency of the payors' information returns to support the IRS's position regarding his liability. Mr. Leyshon repeated several frivolous anti-tax arguments that have been summarily rejected by this Court. <u>See</u> <u>supra</u> note 4. One of his primary arguments was that, since "wages" and "income" are not the same thing in the Code, "Wages do not 'constitute taxable income'". His lengthy opposition cited, quoted, and

[*9] misconstrued multiple irrelevant statutes and cases. Part IV.D of the opposition includes the statement that "All Subtitle C Part 31-Employment Taxes * * * is PRECLUDED from 'deficiency' or 'notice of deficiency' in 26 U.S.C. § 6211 and 26 U.S.C. § 6212."

The Court's order of July 31, 2014

The Court granted the Commissioner's motion for summary judgment by order dated July 31, 2014. The order stated:

> Mr. Leyshon's contention that "Wages do not 'constitute taxable income'" is frivolous, as are his other contentions in parts IV.A through IV.K at pages 8-26 of his opposition. For reasons we have fully explained, see Wnuck v. Commissioner, 136 T.C. 498 (2011), we need not and will not address these frivolous arguments.

The same order quoted section 6673(a), which provides a penalty for frivolous contentions, and directed Mr. Leyshon to appear at the Court's trial session and to show cause why the Court should not impose such a penalty on him. The order stated:

> It appears possible that someone other than Mr. Leyshon himself has composed his frivolous arguments. If that is the case, and if Mr. Leyshon disclaims those frivolous arguments, then the Court will take that into account in deciding whether to impose a penalty.

In response to the Court's order, on August 29, 2014, Mr. Leyshon filed a motion for reconsideration of the Court's order, wherein he reasserted his

**[*10]** frivolous arguments. His motion includes several statements to the effect that this case involves "Subtitle C Part 31--Employment Tax and not a Subtitle A Part 1 'Income Tax.'"

The September 2014 calendar call

When this case was called on September 22, 2014, the Court warned Mr. Leyshon not to reassert the same frivolous contentions that the Court had rejected in its order of July 31, 2014:

> THE COURT: I do want to remind you that I've resolved certain issues and warned you that your contentions about them were frivolous, there's no basis for those contentions. And consequently, I'm certainly not inviting you to renew those arguments. And instead--nor am I inviting you to rehash anything that we've already done. I want to make sure that there's no valid argument that you want to make that I haven't yet heard or addressed. So I now invite you to speak, if you'd like to do so.

Despite this warning, Mr. Leyshon did not address the merits of the order to show cause why a section 6673 penalty should not be imposed but rather repeated his arguments as to why he is not liable for income tax. He began with his argument that equates _employment_ taxes and _income_ tax on self-employment income:

> About 80 percent of the alleged debt is off of Subtitle (c) and 6211 does not authorize a Subtitle (c) notice of deficiency. It's $2287.
>
> And for self-employment tax, employment tax is Subtitle (c). Nobody has addressed this as of yet. Subtitle (c) is wages as defined in 3401. Employees are paid wages and they work for employers also

**[\*11]** under the same code section. And they are precluded from being in a 6211 notice of deficiency.

(This argument had already been made in part IV.D of Mr. Leyshon's opposition and had been summarily rejected in the order of July 31, 2014.)

Mr. Leyshon's arguments at the calendar call also included: (1) that the notice was invalid because it was not based on adequate evidence (an argument that had already been made in part IV.E of Mr. Leyshon's opposition and had been rejected);[6] (2) that the notice was not based on a valid SFR (an argument that had already been made in part IV.E of Mr. Leyshon's opposition and had been rejected);[7] and (3) that the IRS did not make a determination of tax (an argument

---

[6]In determining the validity of a statutory notice of deficiency, we do not look behind the notice to examine the evidence used by the IRS or to consider the propriety of the IRS's motives or the administrative policy or procedure involved in making a determination. See Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974); Cavallaro v. Commissioner, T.C. Memo. 2014-189, at \*18. To be valid, the statutory notice of deficiency need only advise the taxpayer that the IRS "has in fact determined a deficiency and specify the year and deficiency amount." See Peterman v. Commissioner, T.C. Memo. 1993-129 (citing Campbell v. Commissioner, 90 T.C. 110, 115 (1988)). If the statutory notice meets this standard, then it can support Tax Court jurisdiction over the case, and we then decide the case on the basis of the evidence presented in court (not necessarily the evidence relied on by the IRS officials who issued the notice).

[7]As we had already stated in our order of July 31, 2014:

[T]he validity of the IRS's determination of an income tax deficiency does not depend on any SFR. On the other hand, where a taxpayer

(continued...)

**[\*12]** that had already been made in part IV.G of Mr. Leyshon's opposition and had been rejected).[8]

The Court interrupted Mr. Leyshon: "Mr. Leyshon, you're repeating the contentions that I've already addressed in my order and I can't--all I have is words. We're dealing here with an income tax, not an employer tax liability. The notice of deficiency is plainly sufficient." Mr. Leyshon continued to argue that there was no valid determination and that the IRS did not have authority to make a determination. The Court attempted to shift the subject to "things that would help me to decide the issue of the 6673(a) penalty", but Mr. Leyshon soon resumed his

---

[7](...continued)
does not file a return, his liability for the addition to tax under section 6651(a)(2)--which turns on a taxpayer's failure 'to pay the amount shown as tax on any return'--does depend on the IRS's preparation of a valid SFR. Wheeler v. Commissioner, 127 T.C. 200, 210 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008). However, Mr. Leyshon's arguments about defects in the SFR are moot, in view of the Commissioner's concession of the failure-to-pay addition to tax.

[8]The IRS's notice of deficiency explicitly stated: "We have determined that there is a deficiency (increase) in your income tax as shown above" (i.e., in the amount of $2,437). Attachments to the notice showed an adjustment to income in the amount of $15,394 (i.e., rather than zero), resulting from "Other Miscellaneous Income (1099-MISC)", and explained the adjustment as follows: "We used Information Return Documents filed by payers as reported under your Social Security Number to determine your income. If you need an itemized list of payers and amounts of the income reported to the Internal Revenue Service, you may request this information by calling the toll-free number or writing to the address shown on the accompanying letter."

[*13] argument that he is not liable for income tax. The Court adjourned the hearing.

## Discussion

### I. Mr. Leyshon's motion for reconsideration

Mr. Leyshon's motion for reconsideration raised multiple frivolous arguments that we do not address here. We do, however, address one erroneous argument (the one with which he began at the hearing) as to which we assume he may have a genuine misunderstanding:

The deficiency procedures set out in sections 6211 through 6216, which authorize the IRS to issue a notice of deficiency, apply to "income, estate, and gift taxes imposed by subtitles A ["Income Taxes", secs. 1-1563] and B ["Estate and Gift Taxes", secs. 2001-2801]". Sec. 6211(a); see also sec. 6212(a). It is correct that those deficiency procedures do not apply to subtitle C ("Employment Taxes", secs. 3101-3510). Mr. Leyshon observes that 80% of the tax at issue here is referred to in the notice of deficiency as "self-employment tax", and he has assumed that such tax is therefore within the "Employment Taxes" imposed by subtitle C. However, he is mistaken. The "self-employment tax" liability that the IRS determined in the notice of deficiency at issue here is not subtitle C "Employment Taxes" but rather "Tax on Self-Employment Income" imposed by

[*14] chapter 2 of subtitle A of the Code. See sec. 1401(a) ("there shall be imposed * * * on the self-employment income of every individual, a tax"; (emphasis added)).

Consequently, the IRS certainly does have authority to employ deficiency procedures to assess "self-employment tax". See Fraser v. Commissioner, T.C. Memo. 1997-182, aff'd without published opinion, 139 F.3d 904 (9th Cir. 1998).

## II. Judicial notice

On January 16, 2015, the Court entered an order giving the parties notice that, pursuant to Rule 201(b) of the Federal Rules of Evidence, the Court intended to take judicial notice of the record in Mrs. Leyshon's Tax Court case. We proposed to take such notice because of the facts disclosed in that record about Mr. Leyshon's personal participation in that case and his resulting awareness of the Court's statements in that case. On February 2, 2015, Mr. Leyshon filed an "Opposition to ORDER to Take Judicial Notice of The Case of Lisa Webb Leyshon--Docket No. 14071-11". Mr. Leyshon does not deny his participation in his wife's case nor disclaim knowledge of its proceedings, but he makes two principal arguments against the Court's taking judicial notice, to which we now briefly respond.

**[*15]** A.     The Court's "standing"

Mr. Leyshon asserts that the Court "lacks standing or authority" to take judicial notice of the record in Mrs. Leyshon's case.  The Commissioner did not move for a penalty or ask us to take notice of the prior case; and the gist of Mr. Leyshon's contention seems to be that, by taking notice, the Court has in effect abandoned judicial independence and has taken sides with and done the job of one of the parties.

In fact, the Court has explicit authority to "take judicial notice on its own".  Fed. R. Evid. 201(c)(1) (emphasis added).  We do so in this case not to promote the Commissioner's interests as a litigant but rather to pursue the Court's own interest in managing its own business.  The Tax Court exists to provide a forum for litigation of taxpayers' bona fide disputes with the IRS.  The Court's ability to perform that function is impeded when a taxpayer files a petition for some other reason, such as to defy the law or to delay the inevitable.  Therefore, quite apart from the Commissioner's interest in the section 6673 penalty, the Court has its own legitimate interest in imposing the penalty, where appropriate.  The statute does not by any means make the IRS the gatekeeper of this issue but rather authorizes the penalty "[w]henever it appears to the Tax Court that" the litigation is frivolous or dilatory.  Sec. 6673(a)(1) (emphasis added).  Thus, the Court often

[*16] imposes a section 6673 penalty sua sponte, see, e.g., Golub v.

Commissioner, T.C. Memo. 2013-196, at *10-*11; Toth v. Commissioner,

T.C. Memo. 2013-142, at *4-*5; and we will do so here.

   B.      The identities of the parties

   Mr. Leyshon suggests that the Court is confused about who the petitioner is

in the present case and that the Court "is attempting to conflate two separate

cases" and the records of those cases. On the contrary, the Court is fully aware

that the petitioner in the present case is Mr. Leyshon and that not he but

Mrs. Leyshon was the sole petitioner in Leyshon v. Commissioner, T.C. Memo.

2012-248. The Court's authority to take judicial notice of court proceedings

extends to the records of other judicial proceedings (including proceedings

involving other parties), "'if those proceedings have a direct relation to matters at

issue'". See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989)

(quoting St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir.

1979)). The obvious "direct relation" of Mrs. Leyshon's case to the current case is

that, in that prior case, Mr. Leyshon attended and participated in the trial by

drafting documents that were filed in her case, sitting with her at counsel table,

and consulting with her during the trial. In his own case, Mr. Leyshon raises three

of the same frivolous arguments that the Court rejected in a Memorandum Opinion

[*17] in Mrs. Leyshon's case and that prompted the Court's warning that she risked being sanctioned if she made similar arguments in the future. Mr. Leyshon's participation in Mrs. Leyshon's case placed him on notice that the very arguments he ghost-wrote for Mrs. Leyshon were frivolous and potentially sanctionable. It would be inappropriate, in our consideration of his liability for a penalty, to treat him as if he were unwitting or innocent in making his frivolous arguments--and the record in Mrs. Leyshon's case enables us to have a clear and accurate picture of Mr. Leyshon's culpability here. Accordingly, we will take judicial notice of the record in the prior case for purposes of determining the appropriateness and amount of a penalty in this case.

III.    The section 6673 penalty

    A.    Legislative purpose

    A taxpayer's invocation of judicial review is properly reserved for bona fide disputes, rather than being used to postpone the assessment and collection of deficiencies. See Wnuck v. Commissioner, 136 T.C. 498, 506 (2011). The Court's resources are wasted when a taxpayer brings frivolous or groundless claims. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); Williams v. Commissioner, 114 T.C. 136, 139 (2000). Consequently, this Court has been given discretion to impose penalties on taxpayers who engage in such

[*18] conduct. Congress enacted the penalty provision in section 6673 in order to deter frivolous litigation and to induce taxpayers to conform their conduct to settled principles of law before pursuing litigation. See Coleman v. Commissioner, 791 F.2d 68, 86 (7th Cir. 1986); Takaba v. Commissioner, 119 T.C. 285, 295 (2002); Grasselli v. Commissioner, T.C. Memo. 1994-581.

B.     Section 6673(a)(1) generally

Under section 6673(a)(1),[9] the Court may impose a penalty of up to $25,000 when a taxpayer pursues an action in the Tax Court and the Court determines that either:  (1) the taxpayer instituted or maintained litigation in the Court primarily

---

[9]Since 1989, section 6673(a)(1) has provided:

SEC. 6673(a).  Tax Court Proceedings.--

(1) Procedures instituted primarily for delay, etc.--
Whenever it appears to the Tax Court that--

(A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,

(B) the taxpayer's position in such proceeding is frivolous or groundless, or

(C) the taxpayer unreasonably failed to pursue available administrative remedies,

the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

**[\*19]** for delay; (2) the taxpayer's litigation position is frivolous or groundless; or (3) the taxpayer unreasonably failed to pursue administrative remedies before pursuing judicial relief in the Court.

       1.    <u>Delay</u>

The Tax Court has recognized certain taxpayer conduct that often demonstrates a primary purpose of delay. Such conduct includes: remaining unresponsive in the Commissioner's settlement attempts or trial preparation activity, filing multiple frivolous motions or documents, requesting multiple continuances and failing to appear, failing to meet deadlines, refusing to follow the Court's orders, and failing to cooperate in the stipulation process. <u>See, e.g.</u>, <u>Goff v. Commissioner</u>, 135 T.C. 231, 237 (2010) (finding that by failing to comply with the briefing schedule, asking for continuances, and bringing only frivolous claims, the taxpayer showed that his purpose for bringing the case was to delay the collection of tax liabilities); <u>Williams v. Commissioner</u>, 119 T.C. 276, 280-281 (2002) (finding that a purpose of delay was shown where the taxpayer improperly used the bankruptcy courts to delay the Tax Court proceedings, failed to appear at hearings and to comply with Court orders, failed to reply to the Commissioner's settlement offers, and failed to respond to discovery requests); <u>Trowbridge v. Commissioner</u>, T.C. Memo. 2003-165 (finding that the taxpayer's hundreds of

[*20] pages of discovery requests, abrupt change in course two weeks before trial, and refusal to appear for trial evidenced a primary purpose of delay), aff'd, 101 Fed. Appx. 3 (5th Cir. 2004); Loescher v. Commissioner, T.C. Memo. 1993-74 (finding that a purpose of delay was shown where taxpayer requested two continuances, based on unsubstantiated claims of medical disorders, failed to respond to discovery requests, failed to appear at trial, and generally failed to advance the case). These behaviors alone or combined have led to section 6673 penalties on the basis of delay.

### 2. Frivolous or groundless positions

Courts have found cases frivolous where the taxpayer's position is unfounded in law.[10] A taxpayer's claim is frivolous, potentially warranting a

---

[10]The Tax Court has rejected a series of common tax defier arguments and has imposed sanctions on the taxpayers who advance them. See, e.g., Nis Family Trust v. Commissioner, 115 T.C. 523 (2000); Webster v. Commissioner, T.C. Memo. 2006-144, aff'd, 268 Fed. Appx. 674 (9th Cir. 2008); Adams v. Commissioner, T.C. Memo. 2006-114. These arguments include, but are not limited to: the assertion that wages are not income, constitutional objections such as refusal to provide information to the IRS under the Fifth Amendment and the right to a jury trial, and deficiencies resulting from contributions to a sham trust, church-related arrangements, and tax shelters. See, e.g., United States v. Sullivan, 274 U.S. 259 (1927) (holding that the Fifth Amendment will never justify a complete failure to file a return); Stephenson v. Commissioner, 748 F.2d 331 (6th Cir. 1984) (holding that an individual who turns over his entire annual income to a church is still taxable on that income), aff'g 79 T.C. 995 (1982); Lonsdale v. Commissioner, 661 F.2d 71 (5th Cir. 1981) (holding that the argument that wages

(continued...)

[*21] penalty, if it is objectively "'contrary to established law and unsupported by a reasoned, colorable argument for change in the law.'" See Takaba v. Commissioner, 119 T.C. at 287 (quoting Coleman v. Commissioner, 791 F.2d at 71 (noting that this is the standard applied under Rule 11 of the Federal Rules of Civil Procedure for sanctions in civil litigation)); see also Nis Family Trust v. Commissioner, 115 T.C. 523, 544 (2000); Connolly v. Commissioner, T.C. Memo. 2008-95. Courts have imposed the section 6673 penalty where a taxpayer raised frivolous arguments. See, e.g., Takaba v. Commissioner, 119 T.C. at 295-296 (holding taxpayer liable for a section 6673 penalty because taxpayer frivolously argued that under section 861 income for services from within the United States was not taxable); Precourt v. Commissioner, T.C. Memo. 2010-24 (holding taxpayer liable for section 6673 penalty where taxpayer frivolously argued that he did not receive income in the "constitutional sense"); Carskadon v. Commissioner,

---

[10](...continued)
are not income is without merit under the Constitution, which grants Congress the power to tax income from whatever source derived, including compensation from services), aff'g T.C. Memo. 1981-122; Morgan v. Commissioner, T.C. Memo. 1978-401 (holding that the taxpayer's family trust arrangement, in which he conveyed the exclusive use of his lifetime services and the resulting compensation, was without economic reality and the taxpayer remained fully taxable on the income); see also The Truth About Frivolous Tax Arguments, Internal Revenue Service (Apr. 11, 2014), available at http://www.irs.gov/pub/irs-utl/friv_tax.pdf.

[*22] T.C. Memo. 2003-237 (imposing a section 6673 penalty and holding

taxpayers' arguments--that wages are not income--frivolous where the arguments

were tax defier rhetoric "based on mere semantics" and unsupported by the law);

Talmage v. Commissioner, T.C. Memo. 1996-114 (imposing a section 6673

penalty where taxpayer knew or should have known that he was raising several

common tax defier arguments that wages are not income), aff'd without published

opinion, 101 F.3d 695 (4th Cir. 1996).

By comparison, the term "groundless" has been applied to cases in which

the taxpayer's position is unfounded in fact.  In determining whether a groundless

claim exists, the Tax Court has looked to the dictionary definition, noting that the

word "groundless" literally means "'having no ground or foundation:  lacking

cause or reason for support.'"  Keating v. Commissioner, T.C. Memo. 1985-312

(quoting Webster's Third New International Dictionary Unabridged) (imposing a

section 6673 penalty where taxpayer failed to respond to multiple discovery

requests where evidence requested was material to the dispute and the taxpayer's

failure to respond to the discovery requests constituted an admission of the

groundless nature of taxpayer's position); Nies v. Commissioner, T.C. Memo.

1985-216 (imposing a section 6673 penalty where taxpayer did not plead any

justiciable facts in petition); Wedeking v. Commissioner, T.C. Memo. 1984-530

**[\*23]** (imposing a section 6673 penalty where taxpayer did not plead or offer any facts into the record, supporting the inference that taxpayer's position was groundless). Thus, a position is groundless if it lacks merit or has no justiciable facts in the petition and no valid ground or basis. See Keating v. Commissioner, T.C. Memo. 1985-312; see also Crain v. Commissioner, 737 F.2d at 1418 ("An appeal that lacks merit is not always--or often--frivolous. However, \* \* \* [the Court is] not obliged to suffer in silence the filing of baseless, insupportable appeals presenting no colorable claims of error and designed only to delay, obstruct, or incapacitate the operations of the courts or any other governmental authority"). The Court may impose sanctions if the taxpayer should have known that his position is groundless. See sec. 6673(a)(1); Coleman v. Commissioner, 791 F.2d at 71 (holding that the inquiry is objective); Winslow v. Commissioner, 139 T.C. 270, 276 (2012); Takaba v. Commissioner, 119 T.C. at 287; Connolly v. Commissioner, T.C. Memo. 2008-95.

### 3. Failure to pursue administrative remedies

The Court has found that a taxpayer fails to pursue available administrative remedies when the taxpayer refuses during the administrative process to respond to the Commissioner's reasonable requests to substantiate claims and provide records, especially if doing so would lead to fewer disputes at trial and if failing to

[*24] do so later results in increased litigation costs.  See Edwards v. Commissioner, T.C. Memo. 2003-149, aff'd, 119 Fed. Appx. 293 (D.C. Cir. 2005).

### C.    Judicial discretion to impose a sanction

When one of these three grounds is established (i.e., delay, frivolousness or groundlessness, or failure to pursue administrative remedies), penalties under section 6673 are not automatic but are imposed at the Court's discretion. Consequently, the Tax Court is given considerable latitude in determining whether to impose a penalty and in what amount, in order to punish and deter the abuse of judicial resources.  This involves an exercise of judgment that cannot be mathematically demonstrated.

To judge the appropriateness of imposing a section 6673(a)(1) penalty and the appropriate amount of any penalty, this Court has considered any relevant facts and circumstances, including the following:[11]

---

[11]The Tax Court's opinions imposing penalties under section 6673(a) are legion.  See, e.g., Wnuck v. Commissioner, 136 T.C. 498; Goff v. Commissioner, 135 T.C. 231 (2010); Wheeler v. Commissioner, 127 T.C. 200; Takaba v. Commissioner, 119 T.C. 285 (2002); Nis Family Trust v. Commissioner, 115 T.C. at 544; Bennett v. Commissioner, T.C. Memo. 2014-256; Waltner v. Commissioner, T.C. Memo. 2014-35; Ulloa v. Commissioner, T.C. Memo. 2010-68; Precourt v. Commissioner, T.C. Memo. 2010-24; Rodriguez v. Commissioner, T.C. Memo. 2009-92; Missall v. Commissioner, T.C. Memo. 2008-258; Webster v. Commissioner, T.C. Memo. 2006-144; Carskadon v. Commissioner, T.C. Memo. 2003-237; Talmage v. Commissioner, T.C. Memo.

(continued...)

**[\*25]** 1.    Prior proceedings: Whether the taxpayer has raised frivolous arguments in prior proceedings before this or other courts.  A taxpayer who is a "repeat offender" may be deserving of a greater penalty.

2.    Prior warnings: Whether the taxpayer was warned that his arguments were frivolous and that raising such arguments could lead to the imposition of penalties.  Such warnings may have come from the IRS, from the Court in a prior case, or from the Court in the case at issue.  A taxpayer who ignores or defies such warnings may be deserving of a greater penalty.

3.    Prior penalties: Whether the taxpayer has previously been penalized under section 6673.  If the prior penalty did not deter the taxpayer from persisting in maintaining frivolous positions, then a penalty in a greater amount may be called for, in order to achieve the effect of deterrence.

4.    Non-frivolous arguments: Whether the taxpayer raised any non-frivolous arguments in addition to his frivolous arguments.  To be sure, "a taxpayer who makes frivolous arguments is not immune from penalty just because some of his arguments are not frivolous".  Hill v. Commissioner, T.C. Memo.

_____

[11](...continued)
1996-114, aff'd without published opinion, 101 F.3d 695 (4th Cir. 1996). Penalties are also sometimes imposed under section 6673(a) by orders, bench opinions, or summary opinions, which are not cited as precedent.  See secs. 7459(b) (third sentence), 7463(b); Rules 50(f), 152(c).

**[*26]** 2014-134, at *16. However, a taxpayer whose only arguments are frivolous may be deserving of a greater penalty than a taxpayer who had a bona fide dispute but tacked on frivolous arguments.

5.      Protest: Whether the taxpayer maintained the litigation primarily to protest the tax laws, rather than to litigate his liability under those laws. This Court exists to resolve bona fide disputes, not to provide a venue for complaining about the settled tax law as the Constitution authorized it, the Congress enacted it, and the courts have applied it. Campaigns to change the tax law are properly addressed to Congress, not the Tax Court. Someone who attempts to wage such a campaign by a pointless lawsuit may be deserving of a greater penalty.

6.      Amount at issue: Whether the amount of the liability the taxpayer was attempting to avoid or to delay paying was substantial. The greater the liability, the greater may be the temptation to forestall the day of judgment by frivolous contentions or dilatory tactics, and the greater may be the appropriate penalty.

7.      Taxpayer's background: Whether the taxpayer's education and experience indicate that he knew or should have known that the argument he was making was frivolous. Someone with less education or sophistication may be less able to discern frivolousness in an argument and less blameworthy if he adopts

[*27] pseudo-legal contentions that seem plausible to him; and, on the other hand, someone with more education or relevant experience may be deserving of a greater penalty.

    8.    <u>Burden</u>:  Whether the taxpayer's conduct imposes on the IRS and the Court a substantial undue burden to adjudicate the taxpayer's tax liability. A taxpayer who attempts to dissemble or to obscure the groundlessness of his case may require more time and effort by his opponent and the Court than is required by a litigant who is forthright about his positions. Likewise, a taxpayer who refuses to communicate with his opponent or with the Court, or who refuses to admit or to stipulate facts that he later is unable to dispute, or who resists a well-grounded motion by means of sham disputes of fact that later prove meritless, or who files frivolous motions of his own in furtherance of his frivolous case--such a taxpayer consumes greater resources of the Court and of the Commissioner and may be deserving of a greater penalty.[12]

---

    [12]A litigant's imposing an undue burden in Tax Court proceedings can aggravate his liability for penalty under section 6673(a); but such a burden is not a prerequisite to penalty liability, nor must damages be shown before the penalty can be imposed. Before 1989 section 6673 provided for an award of "damages". In order to eliminate the question whether this language might require a Court to "first receiv[e] evidence on the amount of damages", <u>Sauers v. Commissioner</u>, 771 F.2d 64, 67 (3d Cir. 1985), <u>aff'g</u> T.C. Memo. 1984-367, Congress amended the statute to employ the term "penalty". <u>See</u> H.R. Rept. No. 101-247, at 1399 (1989),

                                            (continued...)

[*28] 9.     Conduct:  Whether the taxpayer's conduct before the Court was disruptive or contumacious.  A taxpayer who presents his frivolous arguments at a session of the Court in an insulting, uncooperative, or disruptive manner may waste the time of the Court and the other litigants who have cases to be tried at that session; may mislead, distract, or discourage other taxpayers; and may undermine the authority of the Court.  Such conduct may be deserving of a greater penalty.

10.     Other harm to the taxpayer:  Whether the taxpayer was already harmed by his own abuses.  Sometimes a taxpayer's frivolous or dilatory position causes him to fail to claim deductions or credits to which he would otherwise have been entitled, and the liability ultimately determined against him may be greater than it would have been if he had undertaken to prove his actual liability under the law.  If a taxpayer has already suffered significant financial harm by taking frivolous positions, the Court may consider whether a lesser penalty would be sufficient.

---

[12](...continued)
1989 U.S.C.C.A.N. 1906, 2869 ("The committee has explicitly chosen to call these awards 'penalties', rather than 'damages' (as under present law), so that it is clear that specific damages incurred by the United States need not be proved before the court may impose this penalty").

[*29] 11.    Future compliance:  Whether the taxpayer evidences a credible and bona fide intention to comply with tax laws in the future.  A purpose of the section 6673 penalty is to deter the making of frivolous contentions in the future and to encourage future compliance with the tax laws.  If a taxpayer retracts his frivolous positions and makes a credible undertaking (either on the record at a hearing or in writing in response to an order to show cause or in another filing) to comply with the tax laws in the future, he may merit some reduction in the amount of the penalty we would otherwise impose.

12.    Punitive and deterrent effects:  Whether the penalty to be imposed is an amount appropriate to punish the current abuse and to deter future frivolous litigation.  Because of the punitive and deterrent purposes of section 6673, the Court attempts to impose a penalty in an amount that may promote those purposes, given the circumstances and disposition of the taxpayer.

These 12 facts are not a checklist that the Court has used or must use before imposing a penalty.  Since the Court may consider any relevant facts, there could be no exclusive list; facts and circumstances other than those listed here may be considered; not all of these facts are pertinent in every case; and the presence or absence of a given fact is not determinative of the appropriateness or amount of any penalty.  Moreover, the same reasons that militate against dignifying frivolous

**[\*30]** arguments by refutation in lengthy opinions, see <u>Wnuck v. Commissioner</u>, 136 T.C. at 501-513, militate against lengthy discussions penalizing those arguments.

IV.    <u>Analysis</u>

Plainly, Mr. Leyshon maintained positions that are frivolous, within the meaning of section 6673(a)(1)(B).  We now consider his culpability in light of the facts and circumstances of this case.

Although, strictly speaking, this case is the first we know of in which Mr. Leyshon himself was a party and maintained frivolous positions in tax litigation, he materially assisted his wife in her Tax Court proceedings, in which at his prompting she raised many of the same frivolous arguments.  From his front-row seat at the trial in that case, Mr. Leyshon heard the warning that frivolous arguments are sanctionable by this Court, and he saw his wife spared from the penalty; yet in this case he persisted with such arguments--in his petition, in his response to the IRS's motion for summary judgment, in his motion for reconsideration, and in his oral argument at the calendar call.  Likewise, Mr. Leyshon repeatedly ignored the Court's warnings given in this case, and he reasserted the same frivolous arguments on those multiple occasions.  Although Mr. Leyshon has no training or experience relevant to tax law, he knew or should

[*31] have known, because of his and his wife's past experience in this Court, that the arguments he was making were subject to sanction. Mr. Leyshon's persistence in asserting frivolous tax defier arguments indicates that he filed the petition primarily to protest the tax system, and so far Mr. Leyshon has not made any undertaking to comply with tax laws in the future. In this case Mr. Leyshon did admit his receipt of income as a factual matter, and his frivolous legal arguments did not require detailed factual inquiry by either the IRS or the Court; but he created burdens by requiring the Commissioner to prepare and file a motion for summary judgment and requiring the Court to rule on that motion and on his motion for reconsideration, thus consuming the system's resources for no good reason.

On the other hand, the combined amounts of the deficiency ($2,437) and additions to tax ($840) that Mr. Leyshon was attempting to avoid or delay could be characterized as relatively small. He failed to file a return; but when the IRS found him out, he was forthright about his frivolous positions, and his conduct before the Court was civil. We do not hold against Mr. Leyshon his mistaken assertion that income tax on self-employment is a subtitle C employment tax not subject to deficiency procedures (an assertion that related to about 80% of the liability), discussed above in part I. Although this contention is flatly wrong, it

[*32] may have reflected a genuine misunderstanding on Mr. Leyshon's part. However, because he accompanied this assertion with contentions that he knew or should have known were frivolous, he impeded both the Commissioner and the Court from perceiving and addressing his misunderstanding.

In addition, Mr. Leyshon appears to have raised one non-frivolous argument:  He argued in his opposition to the Commissioner's motion for summary judgment that the SFR prepared by the IRS was defective or inadequate. We assume it was this argument that prompted the Commissioner to concede the section 6651(a)(2) addition to tax.  (Even after the Commissioner announced this concession, Mr. Leyshon continued to press this point, which had no further significance in this case.)

In sum, the facts and circumstances of this case--in particular, the Court's explicit warnings to Mr. Leyshon and to his wife, which he ignored--warrant imposing a penalty on Mr. Leyshon.  It is clear that either he knows his positions are frivolous (and should therefore be sanctioned for deliberatively abusive behavior) or he is sincere in some manner and will not be dissuaded by mere exhortation (and should therefore be sanctioned to deter future misbehavior). See Nis Family Trust v. Commissioner, 115 T.C. at 544.  Thus, in either event the Court should impose a sanction.

**[\*33]** As to the amount, we will exercise our discretion and, in light of the facts and circumstances set out above, will impose on Mr. Leyshon a penalty of $2,000.

Mr. Leyshon should realize that if in the future he continues to persist with frivolous litigation (on either his own behalf or his wife's), then he will be communicating to the Court that a $2,000 penalty is insufficient to affect his behavior and that the Court should instead consider imposing a much larger penalty, up to the maximum of $25,000. See Precourt v. Commissioner, T.C. Memo. 2010-24.

Mr. Leyshon's motion for reconsideration will be denied, the order to show cause will be made absolute, and a section 6673(a)(1) penalty will be imposed in the amount of $2,000.

To reflect the foregoing,

An appropriate order and decision will be entered.